AETNA INSURANCE COMPANY v. CARROLL'S TRANSFER, INC., AND WEBSTER R. DANIELS

No. 726SC387

(Filed 24 May 1972)

1. **Rules of Civil Procedure § 20; Parties § 8; Insurance § 75— collision insurer — subrogation — alternate claims against insured and tort-feasor**

   Plaintiff collision insurer properly joined in one action alternate claims against the insured and the alleged tort-feasor to recover an amount paid to the insured for damage to his vehicle, where plaintiff alleged that it became subrogated to insured's right of recovery against the tort-feasor, that the tort-feasor or someone in his behalf made payment and full settlement with insured, and that neither the insured nor the tort-feasor has delivered any of the proceeds of settlement to plaintiff or reimbursed plaintiff for the amount paid to the insured. G.S. 1A-1, Rule 20(a).

2. **Rules of Civil Procedure §§ 20, 42— motion to sever claims — discretion of court**

A motion to sever alternate claims against two defendants is addressed to the discretion of the trial court, and the court's determination thereof is not reviewable on appeal in the absence of abuse of discretion or a showing that the order affects a substantial right of the moving party. G.S. 1A-1, Rules 20(b) and 42(b).

APPEAL by defendant, Carroll's Transfer, Inc., from *Martin (Perry), Judge,* 7 February 1972 Session of Superior Court held in BERTIE County.

Plaintiff, Aetna Insurance Company (Aetna), instituted this civil action in Bertie County against defendant, Webster R. Daniels (Daniels), and against defendant, Carroll's Transfer, Inc., (Carroll). Aetna is a Connecticut corporation authorized to transact business in North Carolina and has its principal North Carolina offices in Mecklenburg County; Carroll is a North Carolina corporation with its registered offices in Bladen County; and Daniels is a citizen and resident of Bertie County, North Carolina.

In its complaint, filed 20 August 1971, Aetna alleges that there was an accident between Daniels (insured under Aetna's collision policy issued to Daniels) and a vehicle owned by Carroll (alleged tort-feasor in the accident); that Aetna paid $8,196.10 to Daniels for the damages to his vehicle under the collision coverage of the policy and that Aetna became subrogated to all of Daniels' rights of recovery against Carroll; that Carroll or someone on its or its agent's behalf made payment and full settlement with Daniels, and that neither Daniels nor Carroll have delivered any of the proceeds of settlement to plaintiff or reimbursed plaintiff for the $8,196.10 paid to Daniels. Therefore, plaintiff, Aetna, seeks to recover $8,196.10 from Carroll as damages to Daniels' vehicle, because of Aetna's payment pursuant to the subrogation clause of its policy with Daniels, or, in the alternative, plaintiff seeks to recover $8,196.10 from Daniels, which holds said sum as trustee for Aetna under the subrogation terms of the policy, if Carroll or someone on its behalf paid Daniels.

On 13 September 1971, prior to the expiration of time for answering, Carroll filed a motion entitled "Motion to Sever and Remove." This motion was heard before Judge Martin on 14 February 1972 and the motion was denied. Carroll gave notice of appeal from the order denying the motion.

*Biggs, Meadows and Batts, by Charles B. Winberry, for defendant-appellant.*

*Battle, Winslow, Scott and Wiley, by Robert L. Spencer, for plaintiff-appellee.*

BROCK, Judge.

This is an attempted appeal by defendant-appellant Carroll from a denial of its motion entitled "Motion to Sever and Remove." Carroll contends that the trial court erred in denying its motion to sever because Aetna's two claims, one claim asserted against Carroll and the alternative claim against Daniels, cannot be joined in one civil action. However, Carroll admits that if joinder of the alternative claim is proper, then there is no question that the venue in Bertie County is proper.

G.S. 1A-1, Rule 20(a) specifically allows alternative joinder of defendants. "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and of any question of law or fact common to all parties will arise in the action." G.S. 1A-1, Rule 20(a).

[1] Alternative claims may be joined under G.S. 1A-1, Rule 20(a) if two tests are met. First, each claim must arise out of the same transaction, the same occurrence, or a series of either. In this case, Aetna's alternative claim against the defendants arises out of the alleged transaction between Carroll and Daniels, in that Carroll or someone on its behalf paid a sum of money to Daniels in full settlement of a claim to which Aetna was subrogated. The second test is that each claim must contain a question of law or fact, which will arise, common to all parties. The second test is satisfied in this case, because Aetna's claim for relief arises from a common question of fact— which of the defendants owes plaintiff the $8,196.10. If Carroll or someone on its behalf paid a sum of money to Daniels in full settlement, Daniels has delivered none of the proceeds of the settlement to Aetna. Nor has Carroll paid any money directly to Aetna for the damages to the vehicle of its insured to which claim Aetna is subrogated by its payment to Daniels.

Therefore, the facts alleged in Aetna's complaint support alternative joinder. "The practical occasion for alternative joinder is that created by uncertainty as to which of several parties is entitled to recover or is liable. Obviously uncertainty more frequently exists with respect to the person liable than to the person entitled, hence alternative joinder of defendants is more frequent." 1 McIntosh, N. Car. Pract. & Proc. 2d, § 661.

Although the basic philosophy of the party joinder provisions is to allow relatively unrestricted initial joinder, there are provisions in G.S. 1A-1, Rule 20(b) and G.S. 1A-1, Rule 42(b) for the trial judge to sever and order separate trials.

"Rule 20(b) gives this power [separate trial] to the judge, by authorizing him to order separate trials, or make other orders to prevent a party from being embarrassed, delayed, or put to expense by the joinder of a party . . . . This may be done on motion of either party, and the decision whether to do so rests in the discretion of the trial judge." 1 McIntosh, N. Car. Pract. & Proc. 2d, § 662.

[2] G.S. 1A-1, Rule 42(b) which gives to the trial judge general power to sever, undoubtedly confers the same power contemplated by G.S. 1A-1, Rule 20(b). Whether or not there should be severance rests in the sound discretion of the trial judge. See comment to G.S. 1A-1, Rule 42(b) ; and 1 McIntosh, N. Car. Pract. & Proc. 2d, § 1341.

The motion to sever was addressed to the discretion of the trial court, and its determination thereof is not reviewable on appeal in the absence of abuse of discretion or of a showing that the order affects a substantial right of the moving party.

In this case, the moving party Carroll has not shown an abuse of discretion nor has it claimed the loss of a substantial right.

Dismissed.

Chief Judge MALLARD and Judge CAMPBELL concur.