BRAD FULK, Plaintiff v. PIEDMONT MUSIC CENTER, PIEDMONT MUSIC, INC., and WELCH-FULK ENTERPRISES, INC., Defendants

No. COA99-645

(Filed 20 June 2000)

**1. Judgments— motion to amend denied—joinder of alternative claims—joint and several liability—same transaction—same question of law or fact**

The trial court did not abuse its discretion by refusing to allow defendants' motion to amend the judgment to allocate the damages among defendants, based on alternative claims being joined under N.C.G.S. § 1A-1, Rule 20(a) in a case awarding plaintiff unpaid commissions earned under an alleged employment contract with defendants, because: (1) the claims arose out of the same transaction, the same occurrence, or a series of either since plaintiff worked for at least two of the three defendants over the course of the year of employment and had the same manager; and

FULK v. PIEDMONT MUSIC CTR.

[138 N.C. App. 425 (2000)]

(2) the claim contains a question of law or fact which will arise common to all parties since plaintiff asserts that one or more of defendants are liable for the commissions owed him.

**2. Employer and Employee— employment compensation— breach—judgment notwithstanding the verdict**

The trial court did not err by denying defendants' motion for judgment notwithstanding the verdict in a case awarding plaintiff unpaid commissions earned under an alleged employment contract with defendants, because viewing the evidence in the light most favorable to plaintiff reveals that: (1) by both their words and actions, the parties conveyed they had reached a "meeting of the minds" with regard to plaintiff's employment with defendants; and (2) plaintiff was entitled to have all material issues of fact decided by a jury since he met his burden of presenting evidence as to each element of the contract, N.C.G.S. § 1A-1, Rule 38.

**3. Employer and Employee; Pleadings— amendment—after judgment entered—North Carolina Wage and Hour Act**

The trial court did not abuse its discretion by allowing plaintiff to amend his pleadings under N.C.G.S. § 1A-1, Rule 15 to reflect a claim pursuant to the North Carolina Wage and Hour Act of N.C.G.S. §§ 95-25.6 and 95-25.7 after judgment had been entered in the case, because: (1) amendment of the pleadings was necessary to conform to the evidence since plaintiff had earned commissions which defendants had not paid and which plaintiff had demanded, in violation of the Act; (2) although plaintiff did not identify defendants' violation according to the particular statute, plaintiff did raise the violation in the pretrial order which defendants signed, thereby putting defendants on notice of the claims against them; and (3) the trial court's allowing the Act to be named simply identified the violation and did not change the nature of plaintiff's complaint.

**4. Costs— attorney fees—North Carolina Wage and Hour Act**

The trial court did not abuse its discretion by awarding plaintiff attorney's fees under N.C.G.S. § 95-25.22(a) and (d) for a violation of the North Carolina Wage and Hour Act because the Act does not require a finding that defendants acted in bad faith in order for attorney's fees to be awarded to plaintiff.

Appeal by defendants from judgment entered 28 October 1998 by Judge Thomas W. Ross in Forsyth County Superior Court. Heard in the Court of Appeals 14 March 2000.

FULK v. PIEDMONT MUSIC CTR.

[138 N.C. App. 425 (2000)]

*Gordon & Nesbit, PLLC, by Thomas L. Nesbit for plaintiff-appellee.*

*William L. Durham for defendant-appellants.*

HUNTER, Judge.

Piedmont Music Center, Piedmont Music, Inc., and Welch-Fulk Enterprises, Inc. ("defendants") appeal the judgment of the trial court in which the jury awarded Brad Fulk ("plaintiff") $9,405.06 in unpaid commissions he earned under an alleged employment contract with defendants. The trial court further awarded plaintiff costs and attorney's fees under the North Carolina Wage and Hour Act ("Act"). Defendants contend that the trial court erred in: (1) denying their motion to amend the judgment to conform to the evidence where the defendants did not have joint and several liability; (2) denying defendants' motion for judgment notwithstanding the verdict on the grounds that the verdict was not supported by the evidence and did not conform to law; (3) allowing plaintiff to amend his pleadings, reflecting a claim under the Act, after judgment had been entered in the case; and, (4) awarding statutory fees when plaintiff did not allege a violation of the statute and where the court specifically found defendants acted in good faith. We find no error.

The relevant facts of the case are as follows. In August 1995, plaintiff agreed to work for defendants selling pianos at their "college sales." The agreement allowed no salary for plaintiff but instead, he earned twenty percent (20%) commission on the gross profit of what he sold. In October 1995, plaintiff was hired on as a full-time employee to manage defendants' piano store and take primary responsibility for in-store piano sales. Although plaintiff worked for defendants approximately one year, it is the terms of his October 1995 hiring that gave rise to the issues in this suit.

Plaintiff filed suit in superior court alleging defendants breached their employment contract with him and thus owed him back commissions that he earned over the course of the year in which he worked for defendants. Plaintiff contended that in the October 1995 hiring meeting, defendants agreed to pay him $500.00 per week in salary plus a straight twenty percent (20%) commission on the gross profit of all in-store piano sales. Contrarily, defendants contended that the agreement was plaintiff would earn $500.00 per week in salary, and twenty percent (20%) commission on the gross profit of all in-store piano sales only *if and when plaintiff's commissions total exceeded half of his salary.*

**FULK v. PIEDMONT MUSIC CTR.**

[138 N.C. App. 425 (2000)]

At trial, plaintiff testified to his version of the hiring agreement, presented three letters he had written to Chris Fulk (owner of the Piedmont entities) which essentially laid out his demands, and presented as exhibits a copy of one commission check he earned early into his tenure in defendants' employ and a calculation of the commissions still owing him. Chris Fulk testified to his version of the hiring agreement, and the jury brought in a verdict for plaintiff.

[1] Defendants' first assignment of error is that the trial court erred in denying their motion to amend the judgment to conform to the evidence where defendants did not have joint and several liability and plaintiff's harm was clearly divisible between defendants. Defendants contend that because North Carolina law does not allow for contribution from other defendants held jointly liable in contract, they are prejudiced by the trial court's applying joint and several liability to this case. We disagree.

It is established in North Carolina law that the question of whether there should be severance of parties or issues is a matter which rests in the sound discretion of the trial judge, and "its determination thereof is not reviewable on appeal in the absence of abuse of discretion or of a showing that the order affects a substantial right of the moving party." *Insurance Co. v. Transfer, Inc.*, 14 N.C. App. 481, 484, 188 S.E.2d 612, 614 (1972). Additionally, N.C.R. Civ. P. 20 provides in part that:

> . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action. . . .

N.C. Gen. Stat. § 1A-1, Rule 20(a) (1999). However, this Court recognizes that joinder for the purpose of joint and several liability is most often applied when " 'the substance of plaintiff's claim indicates that he is entitled to relief from someone, but he does not know which of two or more defendants is liable under the circumstances set forth in the complaint.' " *Woods v. Smith*, 297 N.C. 363, 367, 255 S.E.2d 174, 177 (1979) (quoting 7 Wright & Miller, *Federal Practice and Procedure: Civil*, § 1654, p. 278).

Further, this Court has held that "[a]lternative claims may be joined under G.S. 1A-1, Rule 20(a) if two tests are met. First, each claim must arise out of the same transaction, the same occurrence, or

a series of either." *Insurance Co. v. Transfer, Inc.*, 14 N.C. App. at 483, 188 S.E.2d at 613. In the case at bar, this first test is met by the fact that plaintiff worked for at least two of the three defendants over the course of the year of employment in question, having the same manager, Chris Fulk. "The second test is that each claim must contain a question of law or fact, which will arise, common to all parties." *Id.* This second test is satisfied in this case because plaintiff asserts that one or more of the defendants are liable for the commissions owed him. Since the evidence at trial tended to show: (1) that plaintiff worked for all three defendants at some point over the course of the year in question; (2) that the sole or major owner of all three entities is the same person, Chris Fulk; and (3) that all three entities therefore owed the plaintiff some portion of the commissions owed, we hold the trial court did not abuse its discretion in refusing to allow the defendants to amend the judgment, allocating the damages among defendants.

[2] Defendants' second assignment of error is that the trial court erred in denying their motion for judgment notwithstanding the verdict on the grounds that the verdict was not supported by the evidence and did not conform to law. Defendants argue that plaintiff failed to present evidence of every element of a contract. Specifically, they contend that for the jury to have found that there was an oral employment contract between the parties, plaintiff needed to prove there was a "meeting of the minds" which, defendants state, did not exist. However, we are unpersuaded by defendants' argument and thus, overrule it. Furthermore, since this is the only element that defendant argues was lacking from plaintiff's case in chief, it is the only element this Court will address. N.C.R. App. P. 28(a).

First, we recognize the standard of review for a judgment notwithstanding the verdict is the same as that for a Rule 50 directed verdict: whether, upon examination of all the evidence in the light most favorable to the nonmoving party, and that party being given the benefit of every reasonable inference drawn therefrom, the evidence is sufficient to be submitted to the jury. *Abels v. Renfro Corp.*, 335 N.C. 209, 214-15, 436 S.E.2d 822, 825, (1993).

If, after undertaking such an analysis of the evidence, the trial judge finds that there is evidence to support each element of the nonmoving party's cause of action, then the motion for directed verdict and any subsequent motion for judgment notwithstanding the verdict should be denied.

*Id.* at 215, 436 S.E.2d at 825. Therefore, motions for directed verdict and judgment notwithstanding the verdict should be granted only when the evidence is insufficient to support a verdict in the non-movant's favor. *Penley v. Penley,* 314 N.C. 1, 332 S.E.2d 51 (1985). In the case at bar we conclude, when viewed in the light most favorable to plaintiff, the evidence was sufficient to support the jury's verdict and to withstand defendants' motion for judgment notwithstanding the verdict.

Defendants are correct when they contend that "[t]o constitute a valid contract the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. [Further,] [i]f any portion of the proposed terms is not settled, there is no agreement." *Goeckel v. Stokely,* 236 N.C. 604, 607, 73 S.E.2d 618, 620 (1952). Additionally, case law is clear that a "meeting of the minds requires an offer and acceptance of the same terms[; and] [i]f, in his acceptance, the offeree attempts to change the terms of the offer, such constitutes a counter-proposal and thereby a rejection of the initial offer." *Walker v. Goodson Farms, Inc.,* 90 N.C. App. 478, 486, 369 S.E.2d 122, 126 (1988). However, when construing the terms of the contract, it is the parties' intentions which control, "and their intentions may be discerned from both their writings and actions." *Id.*

In the case *sub judice,* defendants agree that from the conversation in question, they hired plaintiff to manage their store, which plaintiff did for a full year, and for which defendants, in turn, paid him. The record before us reveals that plaintiff produced a log of defendants' payments to him along with copies of paychecks which defendants issued to him for work done throughout the year in question. Several of the checks evidenced payment of the twenty percent (20%) commissions on the total gross sales of the store. Furthermore, defendants acknowledge that they paid plaintiff the twenty percent (20%) commissions of the stores' gross sales for the first quarter of the year in which he worked for them (albeit, testifying of a different reason as to *why* they paid it).

Nevertheless we hold that, by both their words and actions, the parties conveyed they had reached a "meeting of the minds," with regard to plaintiff's employment with defendants. *Id.* Beyond that, "the evidence *pro* and *con* as to [the terms of plaintiff's earning commissions] presented a clear-cut issue of fact for the jury." *Goeckel,* 236 N.C. at 607, 73 S.E.2d at 620 (emphasis in original). In fact, "pursuant to N.C.G.S. § 1A-1, Rule 38, [plaintiff was] entitled to have all mate-

rial issues of fact . . . decided by a jury." *Darnell v. Rupplin*, 91 N.C. App. 349, 353, 371 S.E.2d 743, 746 (1988). "[O]ur Supreme Court has held that issues of fact must be tried by a jury regardless of the equitable nature of the action." *Overcash v. Blue Cross and Blue Shield*, 94 N.C. App. 602, 614, 381 S.E.2d 330, 338 (1989). Thus, we hold that plaintiff met his burden of presenting evidence as to each element of the contract, including the parties' "meeting of the minds." Therefore, viewing the evidence before the trial court in the light most favorable to plaintiff, we hold plaintiff's evidence was sufficient to support a verdict in his favor, and the trial court was correct in denying defendants' motion for judgment notwithstanding the verdict.

[3] Because defendants' final assignments of error are dependent upon one another, we choose to address them together. Defendants' last two assignments of error are that the trial court erred in allowing plaintiff to amend his pleadings, reflecting a claim under the Act, after judgment had been entered in the case, and; that such amendment opened the door to the trial court's awarding plaintiff attorney's fees under the Act, even though: (1) plaintiff did not plead a violation of the Act, (2) there were no common law provisions for attorney's fees if not under the Act; and (3) the trial court found that defendants did not act in bad faith. Again, we find no error.

Our Rules of Civil Procedure are clear regarding whether, when and how a party may amend its pleadings. N.C.R. Civ. P. 15 states in pertinent part:

(a) *Amendments.*—A party may amend his pleading once as a matter of course at any time *before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party*; and leave shall be freely given when justice so requires. . . .

(b) *Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. *Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made* upon motion of any party at any time, *either before or after judgment*, but failure so to amend does not affect the result of the trial of these issues.

If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may *grant* a continuance to enable the objecting party to meet such evidence.

N.C. Gen. Stat. § 1A-1, Rule 15(a), (b) (1999) (emphasis added).

Additionally, case law has long held that a trial judge's decision to grant or deny a party's motion to amend his pleadings "will not be reversed on appeal absent a showing of abuse of discretion . . . *unless* some material prejudice to the other party is demonstrated. [Furthermore,] [t]he burden is upon the opposing party to establish that [it] would be prejudiced by the amendment." *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986) (citations omitted).

In the case at bar the trial court allowed plaintiff to amend his pleadings to reflect a claim that defendants violated the Act which states in pertinent part:

Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly. *Wages based upon* bonuses, *commissions*, or other forms of calculation may be paid as infrequently as annually *if prescribed in advance.*

N.C. Gen. Stat. § 95-25.6 (1999) (emphasis added). Furthermore:

Employees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday either through the regular pay channels or by mail if requested by the employee. *Wages based on* bonuses, *commissions* or other forms of calculation *shall be paid on the first regular payday after the amount becomes calculable when a separation occurs. Such wages may not be forfeited unless the employee has been notified in accordance with G.S. 95-25.13 of the employer's policy or practice which results in forfeiture.* Employees not so notified are not subject to such loss or forfeiture.

N.C. Gen. Stat. § 95-25.7 (1999) (emphasis added).

**FULK v. PIEDMONT MUSIC CTR.**

[138 N.C. App. 425 (2000)]

Reviewing the evidence presented at trial, indeed plaintiff's evidence tended to show defendants violated the Act. Defendants admit plaintiff was their employee, that plaintiff had the opportunity to earn commissions, and that plaintiff did, in fact, earn some commissions in the course of his employment with them. The only issue before the court was whether plaintiff had earned and not been paid commissions later in his employment with defendants. Therefore, where a jury could find, as this one did, that plaintiff had earned commissions which defendants had not paid, and which plaintiff had demanded, there was a violation of the Act. *Id.*

Defendants argue that:

Allowing a party to amend a Complaint and effectively add a new cause of action after the evidence has closed leaves the other party defenseless, since he is unable to offer evidence which may have aided his cause.

Also, as a matter of policy, a plaintiff should not be able to proceed under one cause of action, resulting in particular findings of fact, only to adopt and add additional causes of action to fit the facts which have already been tried. . . .

In support of their position, defendants cite *Gallbronner v. Mason*, 101 N.C. App. 362, 399 S.E.2d 139, *review denied*, 329 N.C. 268, 407 S.E.2d 835 (1991) and *Chrisalis v. Separate Quarters, Inc.*, 101 N.C. App. 81, 398 S.E.2d 628, *review denied*, 328 N.C. 570, 403 S.E.2d 509 (1991). We agree with defendants' proposition; however, it is inapplicable to the facts of defendants' case at bar.

As mentioned above, under N.C.R. Civ. P. 15, the trial court in its discretion allowed plaintiff to amend his pleadings to reflect an Act violation. Therefore, in order for defendants to be successful in their argument that the trial court erred, the evidence must show either that defendants were prejudiced by the trial court's allowing plaintiff to amend his complaint, or that in doing so the trial court abused its discretion. *Mauney*, 316 N.C. 67, 340 S.E.2d 397. Defendants have failed to meet their burden of proof.

Paragraph 6 of plaintiff's complaint alleged: "Plaintiff has at one time or another worked for all three defendant entities and has earned commissions or other compensation from each of these three entities, all of which is now past due and owing and has not been paid." Paragraphs 8 and 9 read: "Within the course and scope of his

employment, plaintiff made sales for defendants and earned commissions on these sales." "Defendants have refused to pay the commissions and/or other compensation due and owing plaintiff despite demand by plaintiff." Furthermore, in the pretrial order, signed by both the presiding judge, plaintiff's and defendants' attorneys, paragraph 11 states in pertinent part that: "[p]laintiff contends the contested issues [include] . . . what is the amount of wages to be doubled pursuant to N.C. Gen. Stat. § 95-25.22," of the Act.

It is clear then that regardless of the fact that in his complaint plaintiff did not identify defendants' violation according to the particular statute, plaintiff did raise the violation in the pretrial order which defendants signed and thereby, put defendants on notice of the claims against them. We then hold that the trial court's allowing the Act to be named simply identified the violation; it did not change the nature of plaintiff's complaint. Thus, defendants' argument that plaintiff was allowed "to amend [his] Complaint and effectively add a new cause of action," is completely without merit, and defendants cannot now claim that they are prejudiced by it.

Furthermore, because defendants were put on notice *before trial* of plaintiff's intent to show they had violated the Act, and because plaintiff's evidence did, in fact, show that defendants violated the Act, we hold that it was proper for the trial court to apply N.C.R. Civ. P. 15(b) and allow "[s]uch amendment of the pleadings as [was] necessary to cause them to conform to the evidence," defendants having had the opportunity "to meet such evidence." N.C. Gen. Stat. § 1A-1, Rule 15(b). We note that both cases cited by defendants in support of their position involved plaintiffs who wished either to add new defendants or new issues to their complaints. However, that is not the case here and those cases therefore, are distinguishable. We thus find no error in the trial court's allowing the pleadings to be amended.

[4] Our holding being such, defendants' contention that the trial court erred in awarding the plaintiff attorney's fees under the Act is also without merit. The relevant portion of the Act unambiguously states:

> (a) Any employer who violates the provisions of . . . [G.S. 95-25.6 and 7] shall be liable to the employee . . . affected in the amount of their unpaid [commissions] due under G.S. 95-25.6 [and 7] . . . plus interest at the legal rate set forth . . . .

(d) The court, in any action brought under this Article may, in addition to any judgment awarded plaintiff, order costs and fees of the action and reasonable attorneys' fees to be paid by the defendant. . . .

N.C. Gen. Stat. § 95-25.22(a), (d) (1999). We note, the Act does not require a finding that defendants acted in bad faith in order for attorney's fees to be awarded to plaintiff. Thus where, as here the Act applies, the court in its discretion may award plaintiff attorney's fees. *Id.* Again, we find no abuse of discretion and defendants argue none. Therefore, we find no error in the trial court's judgment.

No error.

Judges WYNN and MARTIN concur.