IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1014

Filed 21 May 2024

Wake County, No. 19CVS500511

CHEREE BROWN, Plaintiff,

v.

CARUSO HOMES, INC., Defendant.

Appeal by plaintiff from order entered 10 July 2023 by Judge Bryan Collins in Wake County Superior Court. Heard in the Court of Appeals 9 April 2024.

*The Law Offices of Gilda A. Hernandez, PLLC, by Gilda A. Hernandez, Hannah B. Simmons, and Matthew Marlow, for plaintiff-appellant.*

*Hilton Silvers & McClanahan PLLC, by Nelson G. Harris, for defendant-appellee.*

FLOOD, Judge.

Plaintiff Cheree Brown appeals from an order entered 10 July 2023, arguing the trial court abused its discretion in denying her request for attorney's fees because: (1) the trial court had "no basis" to deny attorney's fees under the North Carolina Wage and Hour Act ("NCWHA") where Plaintiff is the prevailing party; (2) the trial court abused its discretion in Finding of Fact 3; (3) the trial court failed to make findings of fact demonstrating it considered the reasonableness of Plaintiff's request; and (4) Plaintiff's request for attorney's fees was "reasonable." After careful review, we conclude the trial court has the sole discretion to deny attorney's fees, and the

case law of this State does not limit that discretion when the plaintiff is the prevailing party or require findings of fact demonstrating the reasonableness of the trial court's decision when fees are denied. We further conclude the trial court's denial of attorney's fees was the result of a reasoned decision, and the trial court therefore did not abuse its discretion.

## I. **Factual and Procedural Background**

On 26 November 2019, Plaintiff filed a complaint against her former employer, Defendant Caruso Homes, Inc., to recover unpaid commissions she had earned prior to her termination in July 2019. In her complaint, she alleged Defendant violated NCWHA by withholding commissions Plaintiff had earned during her employment. Plaintiff sought "all owed, earned, accrued, agreed upon, and/or promised wages due, an amount in excess of $25,000" and "liquidated damages."

On 9 March 2023, after a discovery period and years of delays, in large part due to the COVID-19 pandemic, a jury returned a verdict awarding Plaintiff $122,568.24 in unpaid commissions. The trial court further concluded Defendant's failure to pay Plaintiff her owed commissions was not in good faith and awarded Plaintiff an additional $122,568.24 in liquidated damages.

On 17 March 2023, Plaintiff, through her counsel, Gilda Hernandez, filed a motion requesting attorney's fees in the amount of $463,320.00, litigation costs in the amount of $22,767.83, and "post-judgment interest in an amount to be calculated by the [c]ourt."

In support of Plaintiff's motion for attorney's fees, Ms. Hernandez submitted a

declaration detailing the time and costs her firm had expended on this litigation. Ms. Hernandez represented that, as of 17 March 2023, she and her firm had "spent more than 1,354.20 hours" working on Plaintiff's case. The declaration further explained that Ms. Hernandez had agreed to litigate Plaintiff's claim on a "wholly contingent basis" and would recover payment only if Plaintiff was successful at trial. The contingency agreement between Plaintiff and Ms. Hernandez provided:

> Should Client recover any money, regardless of the means of recovery, Client agrees to pay Attorneys the **greater** of Attorneys' **"lodestar"** (defined as the total of Attorneys' hourly rates times the number of hours each lawyer and staff member worked on this matter), **or** a sum equal to **one-third (33.33%)** of the total amount of the **Gross Value** of the settlement or award. "Gross Value" means the total of all monetary awards obtained whether by settlement, arbitration award or court judgment, including back and front pay, all damages, interest, and Attorneys' fees.

Under this agreement, Ms. Hernandez would receive the "lodestar" if the trial court were to elect to award attorney's fees, and the amount awarded was greater than one-third of Plaintiff's award. This would allow Plaintiff to keep the entirety of her award, and Defendant would owe an additional amount of attorney's fees as determined by the trial court. If, however, the trial court were to deny attorney's fees, Ms. Hernandez would claim one-third of Plaintiff's award.

On 27 April 2023, Ms. Hernandez filed an amended motion for attorney's fees, which reduced the requested litigation costs to $5,462.55 and included a calculation for pre-judgment interest in the amount of $20,106.89. In her amended declaration submitted along with the amended motion, Ms. Hernandez noted her firm had spent

"more than 1,374 hours litigating" this case—a twenty hour increase from her representation in the original motion—but had "voluntarily" reduced that number to 1,161.6 hours. As of 26 May 2023, the day of the hearing on the motion for attorney's fees, Ms. Hernandez represented that the hours had gone up from 1,374 to "almost 1,500 hours."

On 10 July 2023, the trial court entered an order denying Plaintiff's request for attorney's fees. On 17 July 2023, Plaintiff filed a timely notice of appeal to this Court.

## II. Jurisdiction

This Court has jurisdiction to review this appeal from a final judgment of a superior court pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. Analysis

A single issue is before us in this appeal: whether the trial court abused its discretion in denying Plaintiff's request for attorney's fees. For the reasons that follow, we conclude that it did not.

### A. Standard of Review

NCWHA provides that the trial court, "*may*, in addition to any judgment awarded [a] plaintiff, order costs and fees of the action and reasonable attorney['s] fees to be paid by [a] defendant." N.C. Gen. Stat. § 95-25.22(d) (2023) (emphasis added). It is well established by our appellate courts that this permissive statute places the decision to award attorney's fees under NCWHA solely in the discretion of the trial court; our review, therefore, is abuse of discretion. *See Kornegay v. Aspen*

*Asset Grp., LLC*, 204 N.C. App. 213, 247, 693 S.E.2d 723, 746 (2010) ("A trial court's decision whether or not to award attorney's fees under N.C. Gen. Stat. § 95-25.22(d) is reviewed for abuse of discretion."); *see also Morris v. Scenera Rsch., LLC*, 229 N.C. App. 31, 56, 747 S.E.2d 362, 377 (2013) ("Interpreting subsection 25.22(d) of the [NC]WHA, we have held that 'a trial court's decision regarding whether or not to award attorney['s] fees . . . is reviewed for abuse of discretion.'" (citation and brackets omitted) *rev'd on other grounds*, 368 N.C. 857, 788 S.E.2d 154 (2016)); *Fulk v. Piedmont Music Ctr.*, 138 N.C. App. 425, 435, 531 S.E.2d 476, 482 (2000) ("Thus where, as here the [NCWHA] applies, the court in its discretion may award plaintiff attorney's fees."). It is not this Court's role to "second-guess a trial court's exercise of discretion absent evidence of abuse. An abuse of discretion occurs when a court makes a patently arbitrary decision, manifestly unsupported by reason." *Buford v. Gen. Motors Corp.*, 339 N.C. 396, 406, 451 S.E.2d 293, 298 (1994). The trial court is not required to state its reasoning, but instead, "[i]n reviewing the trial court's denial of [a] plaintiff['s] motion for attorney's fees, we must determine whether it could 'have been the result of a reasoned decision.'" *Id.* at 406, 451 S.E.2d at 298 (citation omitted).

Despite the discretionary nature of NCWHA's fee provision, Plaintiff argues the trial court "ignored the remedial nature of the NCWHA" because the Legislature did not intend for attorney's fees to be taken "away from an employee's justly owed damages." Specifically, Plaintiff argues NCWHA should be construed "liberally" to allow her to "retain the full amount of commissions she is rightfully entitled, with a

separate award of attorney['s] fees."

We begin by noting that, while NCWHA is modeled after the Federal Fair Labor Standards Act ("FLSA"), the two articles are not identical. *See Whitehead v. Sparrow Enter., Inc.*, 167 N.C. App. 178, 181, 605 S.E.2d 234, 237 (2004). The FLSA *requires* a court to award reasonable attorney's fees to be paid by the defendant when the plaintiff is the prevailing party. *See* 29 U.S.C. § 216(b) (2023) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)).

Here, we interpret Plaintiff's assertion to mean that a "liberal" interpretation of NCWHA would *require* the trial court to award attorney's fees to a prevailing party. Such a conclusion, however, would obviate our Legislature's clear intent to leave the decision to award or deny attorney's fees under NCWHA to the discretion of the trial court. Considering that NCWHA is modeled after—but is not identical to the FLSA, if our Legislature intended to require a trial court to award attorney's fees to plaintiffs who were successful in their NCWHA claims, it would have used the exact language used by Congress in the FLSA. Instead, our Legislature's use of the word "may" in place of "shall" indicates its clear intention to reserve the decision to award attorney's fees to the sound discretion of the trial court. *See* N.C. Gen. Stat. § 95-25.22(d) (2023) (providing the trial court, "*may*, in addition to any judgment awarded plaintiff, order costs and fees of the action and reasonable attorney['s] fees to be paid by the defendant." (emphasis added)).

Thus, the denial of Plaintiff's request for attorney's fees, alone, is insufficient to show the trial court "ignored the remedial nature of the NCWHA" when NCWHA places the decision to award or deny attorney's fees in the sound discretion of the trial court. *See Kornegay*, 204 N.C. App. at 247, 693 S.E.2d at 746.

**B. Reasonableness of the Trial Court's Denial of Attorney's Fees**

In her sole allegation of error, Plaintiff argues both directly and impliedly that, because Plaintiff was the prevailing party, the trial court's decision to deny attorney's fees was unreasonable. In turn, we address Plaintiff's assertions that: (1) the trial court had "no basis" to deny attorney's fees under NCWHA where Plaintiff is the prevailing party; (2) the trial court abused its discretion in Finding of Fact 3; (3) the trial court failed to make findings of fact demonstrating it considered the reasonableness of Plaintiff's request; and (4) Plaintiff's request for attorney's fees was "reasonable."

1. Denial of Attorney's Fees Where Plaintiff is Prevailing Party

Plaintiff argues "the Supreme Court in *Hensley* established that where plaintiff prevails at trial on claims asserted, there is no basis to deny attorney['s] fees." *See Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933, 1943, 76 L. E. 2d 40, 54 (1983). *Hensley*, however, established no such bright line rule that would be applicable to the facts of this case.

In *Hensley*, the issue was whether a plaintiff who partially prevailed on a claim brought under the Civil Rights Act could recover attorney's fees for legal services expended on their unsuccessful claims. *Id.* at 426, 103 S. Ct. at 1936, 76 L. E. 2d at

46. Citing to Senate Report 94–1011, the Supreme Court determined that a plaintiff who prevails on a civil rights claim "should ordinarily recover an attorney's fee." *Id.* at 429, 103 S. Ct. at 1937, 76 L. E. 2d at 48; *see also* S. Rep. No. 94–1011, p. 4 (1976). Based on our reading of *Hensley*, and the Supreme Court's numerous citations to Senate reports and references to Congress's intent, we interpret this determination to be specific to attorney's fees awarded pursuant to the Civil Rights Act. *See Hensley*, 461 U.S. at 429, 103 S. Ct. at 1937, 76 L. E. 2d at 48 ("*Congress* enacted the Civil Rights Attorney's Fees Awards Act [], authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation. . . . The *legislative history* [] does not provide a definitive answer as to the proper standard for setting a fee award[.] . . . The *congressional intent* to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits[.]" (emphasis added)).

In that *Hensley* dealt specifically with awards of attorney's fees for parties in *civil rights* litigation, the Supreme Court's holding does not stand for Plaintiff's proposition that the trial court had "no basis" to deny attorney's fees to a prevailing party. While this Court has adopted, in pertinent part, the reasoning put forth in *Hensley* in considering whether a trial court erred in *awarding* attorney's fees pursuant to NCWHA, it did so when determining *how* attorney's fees should be apportioned among successful and unsuccessful claims, not *whether* attorney's fees were properly awarded. *See Morris*, 229 N.C. App. at 56, 747 S.E.2d at 377 (employing the rationale from *Hensley* to support its holding that the business court

erred in its award of attorney's fees because it failed to make findings of fact supporting its apportionment of attorney's fees between the successful NCWHA claim and the unsuccessful tort claims).

This Court has not, however, adopted a blanket rule that a prevailing party *must* be awarded attorney's fees, as Plaintiff argues. Accordingly, the trial court was not required to award attorney's fees to the prevailing party, but rather could exercise its discretion pursuant to N.C. Gen. Stat. § 95-25.22(d).

### 2. Finding of Fact 3

Next, we address Plaintiff's argument that the trial court abused its discretion in Finding of Fact 3 because this finding "cannot be supported by reason." Plaintiff cites to *Lacey v. Kirk*, 238 N.C. App. 376, 767 S.E.2d 632 (2014) for the proposition that the purpose of attorney's fees is to make the party whole, and because Plaintiff received an award of damages, the trial court cannot deny attorney's fees based on that award.

In *Lacey*, a trial court reduced the amount of attorney's fees requested by the plaintiffs based on the jury's large award of punitive damages. *Id.* at 399, 767 S.E.2d at 649. On appeal, the plaintiffs argued the trial court lacked the authority to reduce the amount of attorney's fees based on the fact that the plaintiffs were the beneficiaries of a large punitive damages award. *Id.* at 398, 767 S.E.2d at 648. This Court agreed, holding it was an abuse of discretion to reduce an otherwise reasonable award of attorney's fees, based on a large punitive damages award. *Id.* at 403, 767 S.E.2d at 651. This was particularly true where the trial court made applicable

findings of fact and determined it would be proper to award attorney's fees, but chose not to award attorney's fees *only* because of the large punitive damages award. *Id.* at 403, 767 S.E.2d at 651. In reaching this conclusion, this Court explored the separate purposes behind attorney's fees and punitive damages, stating, "punitive damages 'are awarded as punishment due to the outrageous nature of the wrongdoer's conduct' while an award of attorney['s] fees serves an entirely different set of purposes, including 'restor[ing] [the p]laintiffs to the same position they would have been in had no breach of fiduciary duty occurred.'" *Id.* at 402–03, 767 S.E.2d at 650–51 (citations omitted).

Thus, while this Court in *Lacey* stated the purpose of attorney's fees was to make a party whole, it did not state this purpose therefore *requires* a trial court to award attorney's fees—or severely limits the trial court's discretion—nor would such a statement comport with NCWHA's discretionary authorization of attorney's fees.

Here, the trial court's Finding of Fact 3 provides:

> 3. The Judgment entered herein provides that Plaintiff will recover actual and liquidated damages in the aggregate amount of $245,136.48, plus interest and costs; of which Plaintiff will receive approximately $163,422,68, plus interest; and Plaintiff's counsel will receive approximately $81,713.80, plus interest, and recover the costs provided for in the General Statutes and awarded in the Judgment.

It is unclear whether Finding of Fact 3 suggests attorney's fees were denied *because of* the award Plaintiff received. It is even less clear when read together with Finding of Fact 4, in which the trial court explicitly states it considered the verdict *as well as* the evidence at trial, Plaintiff's motions, Defendant's responses, and all

other matters before the trial court. Moreover, unlike the trial court in *Lacey*, which found an award of attorney's fees would have been reasonable, the trial court here concluded that denying attorney's fees was reasonable.

Plaintiff failed to persuasively argue that the trial court denied attorney's fees based solely on the liquidated damages awarded to Plaintiff, and we do not conclude it did so on this basis. Reading Findings of Fact 3 and 4 together, we conclude the trial court affirmed that, per her own agreement, Ms. Hernandez was entitled to one-third of the judgment—$81,713.80.

Accordingly, Plaintiff has not shown that the trial court abused its discretion by finding that Ms. Hernandez could collect her fee from Plaintiff's award. *See Kornegay*, 204 N.C. App. at 247, 693 S.E.2d at 746.

3. Trial Court's Obligation to Consider Reasonableness of Fee Request

We now address Plaintiff's challenge to the reasonableness of the trial court's denial of attorney's fees. Citing to *Ehrenhaus v. Baker*, 216 N.C. App. 59, 97–98, 717 S.E.2d 9, 33–34 (2011), Plaintiff argues that when "determining whether it is reasonable to award [attorney's] fees . . . the trial court must consider the factors listed in Rule 1.5 of the Revised North Carolina Rules of Professional Conduct[.]" This is an incorrect statement of law.

*Ehrenhaus* concerned the "common benefit doctrine[,]" which is an exception to the "American Rule" for the award of attorney's fees—the prevailing rule followed by North Carolina courts, which states that "a successful litigant may not recover attorneys' fees . . . unless such a recovery is expressly authorized by statute." *Id.* at

94, 717 S.E.2d at 32. The common benefit doctrine requires, under particular circumstances, an award of attorney's fees to a "litigant who confers a common monetary benefit upon an ascertainable stockholder class[.]" *Id*. at 95, 717 S.E.2d at 32. In *Ehrenhaus*, based on the common benefit doctrine, this Court instructed the trial court to consider on remand the reasonableness factors included in Rule 1.5 of the Revised Rules of Professional Conduct and to "includ[e] a reasoned decision on the issue of how it arrived at the figure to be awarded." *Id*. at 96, 99, 717 S.E.2d at 33, 35.

Contrary to Plaintiff's argument, the *Ehrenhaus* Court did not hold that the trial court "must" consider the "factors listed in Rule 1.5 of the Revised North Carolina Rules of Professional Conduct" when *denying* attorney's fees. The denial of attorney's fees was not an issue that was before the *Ehrenhaus* Court, nor did that case involve a statute that gave the trial court discretionary authority to award or deny attorney's fees. *Ehrenhaus* is inapplicable where, like the case at hand, the trial court denied attorney's fees. *See, e.g., E. Brooks Wilkins Fam. Med., P.A. v. WakeMed*, 244 N.C. App. 567, 580, 784 S.E.2d 178, 186 (2016) ("We hold that when the trial court in its discretion *denies* a motion for attorney's fees, *it need not* make statutory findings required to support a fee award."); *c.f. Lacey*, 238 N.C. App. at 399, 767 S.E.2d at 648 ("*If* the trial court decides to *award* a reasonable attorneys' fee, it must make findings of fact . . . determining the reasonableness of an attorneys' fee award[.]") (emphasis added); *Williams v. New Hope Foundation, Inc.*, 192 N.C. App. 528, 530, 665 S.E.2d 586, 588 (2008) ("*Before awarding attorney's fees*, the trial court

must make specific findings of fact concerning: (1) the lawyer's skill; (2) the lawyer's hourly rate; and (3) the nature and scope of the legal services rendered.") (emphasis added)).

Accordingly, the trial court is not required to make findings of fact demonstrating the reasonableness of its decision to deny attorney's fees. *See E. Brooks Wilkins Fam. Med., P.A.*, 244 N.C. App. at 580, 784 S.E.2d at 186.

### 4. Reasonableness of Plaintiff's Request

Plaintiff makes several additional arguments as to why her request for attorney's fees was reasonable. Those arguments, however, are immaterial to our inquiry—whether the trial court abused its discretion in denying her request for attorney's fees. *See Kornegay*, 204 N.C. App. at 247, 693 S.E.2d at 746. As stated, our review for an abuse of discretion requires us to consider whether the trial court's ruling "could" have been the result of a reasoned decision, which we conclude it could have been. *See Buford*, 339 N.C. at 406, 451 S.E.2d at 298.

First, Ms. Hernandez entered into a contingency agreement where she offered to represent Plaintiff and would collect payment only if Plaintiff succeeded on her claims. If Plaintiff were to succeed, Ms. Hernandez would be entitled to either the lodestar amount as determined by the trial court or one-third of Plaintiff's award, whichever was greater. If Plaintiff were to be awarded a monetary judgment, and the trial court elected to deny attorney's fees, as was the case here, Ms. Hernandez could collect payment for her services from one-third of Plaintiff's total award. It appears Ms. Hernandez seeks to gain from Defendant's deep pockets in requesting

nearly half a million dollars in attorney's fees, an amount the trial court described as "grossly excessive."

Ms. Hernandez consciously entered into an agreement with Plaintiff where: if Plaintiff lost, Ms. Hernandez would not receive payment for her work on Plaintiff's case; if Plaintiff received a judgment, the trial court could award separate attorney's fees; or, Plaintiff could be awarded a judgment from which Ms. Hernandez would receive one-third as compensation for her services. Ms. Hernandez knowingly assumed the risk that she could recover nothing or be limited to a one-third recovery, as is clearly stated in the motion for attorney's fees: "Plaintiff's Counsel . . . assumed the risk that they may not recover for these hours worked, expenses, and costs." In its order, the trial court identified one-third of Plaintiff's award as the amount to be paid to the attorneys for this case—fully aligning with Ms. Hernandez's own contingency agreement.

Moreover, as to whether the trial court's decision was a reasoned one, this was not complex litigation involving multiple parties and multiple claims. Plaintiff asserted a single claim under NCWHA, an area of law in which Ms. Hernandez proffered to have "substantial experience." The trial court questioned the inconsistent statements Ms. Hernandez made regarding both the complexity of the case and her experience:

> **The Court**: I just don't understand, and maybe I'm just taking something out of context, but on page 2 of your brief, at the very top, it says, "the claims in this case are simple." And then on page 12 at the top it says, "the present case involved a complex legal issue, which was not only novel,

- 14 -

but also highly intricate in nature." And I don't understand
how you can say that. . . . Which is it?

In attempting to answer the trial court's question, Ms. Hernandez seemed to argue that Defendant's refusal to settle was what complicated the issue. The claim, however, remained the same. It is difficult to understand, and Ms. Hernandez did not explain, how a simple claim for unpaid commissions was a "novel" legal issue.

As to discrepancies surrounding Ms. Hernandez's experience in NCWHA litigation, the trial court asked:

> **The Court:** You urged this court to find that you are highly skilled and experienced in these matters and have a great reputation, and I don't doubt any of that. . . . But if that's true, why did you have to spend so much time researching wage and hour law and expect the other side to pay for that?
>
> **Ms. Hernandez:** I thought this was going to be a simple case, until my – my associate attorney, Charlotte Smith, was – two years out of law school. And so this was an opportunity for her to learn, but under my guidance and mentorship. And that's why she was probably spending a lot of time researching this case.
> . . . .
>
> **The Court:** And I'm not going [to] make the other side pay for your young associate's educating themselves on the law. But anyway.

Based on these specific concerns the trial court had with Plaintiff's request, and our independent review of the Record, we conclude the trial court properly determined, in its discretion, that Plaintiff's request was unreasonable, and the trial court therefore did not abuse its discretion in denying attorney's fees. *See Kornegay*, 204 N.C. App. at 247, 693 S.E.2d at 746.

## IV. <u>Conclusion</u>

We conclude the trial court retains the discretion to award attorney's fees, and case law does not diminish that discretion based on whether Plaintiff is the prevailing party. We further conclude the trial court did not abuse its discretion in Finding of Fact 3 because the order indicates the trial court considered more than just Plaintiff's total award when denying attorney's fees. Finally, the trial court did not abuse its discretion in denying attorney's fees because it was not required to make findings of fact addressing the reasonableness of attorney's fees when denying attorney's fees, and the trial court's denial was the result of a reasoned decision.

AFFIRMED.

Judges WOOD and THOMPSON concur.