**WHITEHEART v. GARRETT**

[128 N.C. App. 78 (1997)]

WILLIAM WHITEHEART, d/b/a WHITEHEART OUTDOOR ADVERTISING COMPANY, PETITIONER v. GARLAND B. GARRETT, JR., AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, RESPONDENT

No. COA97-108

(Filed 2 December 1997)

**Highways, Streets, and Roads § 31 (NCI4th)— outdoor advertising—DOT jurisdiction—measured from interstate highway ramp**

The trial court did not err by determining that respondent-NCDOT's method of defining interstate right-of-way based solely on dates of construction was arbitrary in an action to determine whether an outdoor advertising sign was within the required distance from an interstate highway to be within DOT's jurisdiction where the sign is not within the required distance as measured from the highway; the sign is within the jurisdictional requirement if measured from the right-of-way of the interchange ramp; DOT contends that the interchange was built as a part of the intersecting Peter's Creek Parkway project after construction of I-40 (now I-40 Business) and cannot be considered part of the interstate system; and the interchange ramp was built to manage traffic between the Parkway and the I-40 Business and should be considered part of the interstate system. Respondent's argument that the sign would be too close to an existing sign was without merit because the trial court's order explicitly states that the only contention argued by the parties was whether the sign was within the required distance of the right-of-way.

Appeal by respondent from order signed 12 December 1996 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 21 October 1997.

*Wilson & Waller, P.A., by Betty S. Waller, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Associate Attorney General Gaines M. Weaver, for respondent-appellant.*

WALKER, Judge.

On 7 July 1995, petitioner Whiteheart (Whiteheart) applied for an outdoor advertising permit for a billboard owned by Whiteheart located near the intersection of Peter's Creek Parkway and I-40

Business in Winston-Salem. A measurement was made by an employee of the North Carolina Department of Transportation (NCDOT), for the district engineer, to determine whether the sign fell within the NCDOT's jurisdiction, as the NCDOT only controls outdoor advertising within 660 feet of the nearest edge of right-of-way along the interstate system. *See* N.C. Gen. Stat. § 136-129 (1993). A measurement made from the location of Whiteheart's sign to the line showing the edge of the right-of-way of I-40 Business on the Winston-Salem Tax Map was 890 feet. Whiteheart, however, argued that the sign was within the 660 feet jurisdictional requirement if the distance was measured from the location of the sign to the right-of-way of the interchange ramp connecting Peter's Creek Parkway and I-40 Business. On the basis of the district engineer's measurement, the sign did not fall within the jurisdiction of the NCDOT outdoor advertising regulations and the permit was denied.

Whiteheart appealed to the Secretary of Transportation to reverse the decision of the district engineer. The Secretary's staff instructed the district engineer to conduct a more detailed investigation. During this investigation, it was learned that there was a pre-existing sign, located approximately 53 feet from Whiteheart's sign, which had already been granted a permit from the NCDOT. The Secretary was informed that if the Whiteheart sign was within the jurisdiction of the NCDOT, it would be illegal to grant a permit because another sign with a permit was there first, as NCDOT regulations require that permitted signs be at least 500 feet apart. *See* 19A N.C.A.C. 2E.0203 (2)(b)(i) (1993).

Both parties moved for summary judgment. Following a hearing, the trial court granted Whiteheart's motion for summary judgment.

Summary judgment is proper if there is no genuine issue as to any material facts and the moving party is entitled to a judgment as a matter of law. *Johnson v. Insurance Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980). Here, the parties do not argue that any question of fact exists, thus we must examine the applicable law to determine whether summary judgment in favor of Whiteheart was proper.

Respondent first argues the trial court erred in granting summary judgment for Whiteheart on the basis that respondent's method of determining the right-of-way was arbitrary and capricious.

N.C. Gen. Stat. § 136-129 (1993), "Limitations of outdoor advertising devices" provides in pertinent part:

No outdoor advertising shall be erected or maintained within 660 feet of the nearest edge of the right-of-way of the interstate or primary highways in this State so as to be visible from the main-traveled way thereof . . . except the following . . . .

Further, N.C. Gen. Stat. § 136-133 (1993) requires that in order to maintain any outdoor advertising within 660 feet of the nearest edge of the right-of-way of the primary highway as allowed under N.C. Gen. Stat. § 136-129, a permit must first be acquired.

Respondent contends the original map for the Peter's Creek Parkway project ended where it intersected with I-40 (now I-40 Business), with the interchange ramps built as a part of the Parkway project and after the construction of I-40. Therefore, respondents argue that no portion of the Parkway project, including the ramps and right-of-way adjacent to the ramps, could be considered part of the interstate system.

On the other hand, Whiteheart argues that the right-of-way of I-40 Business encompasses the interchange ramps at the junction of I-40 Business and Peter's Creek Parkway.

We do not find any authority interpreting what constitutes the "nearest edge of the right-of-way of the interstate or primary highways" under N.C. Gen. Stat. § 136-129. However, in *Abdalla v. Highway Commission*, 261 N.C. 114, 120, 134 S.E.2d 81, 85 (1964), our Supreme Court in interpreting the term "highway" in a right-of-way agreement between the parties stated:

The ramp has a specific purpose and function. It is not established for the accommodation of abutting landowners; it is for the interchange of traffic between two heavily travelled highways (one overpassing the other). It is indeed the junction or joinder of the two highways. For all practical purposes it is part of the main highway within the meaning of the word 'highway' as set out in the 'Right of Way Agreement.'

We find the reasoning of the Court in *Abdalla* to be applicable to the instant case. The interchange ramp constructed as part of the Peter's Creek Parkway project was built to manage the interchange of traffic between Peter's Creek Parkway and I-40 Business and should be considered part of I-40 Business. As such, the right-of-way adjacent to the interchange ramps is included as part of the "right-of-way of the interstate or primary highway system" as contemplated under N.C. Gen. Stat. § 136-129.

BRITT v. N.C. SHERIFFS' EDUC. AND TRAINING STANDARDS COMM.

[128 N.C. App. 81 (1997)]

It is undisputed that Whiteheart's sign is located within 660 feet of the right-of-way adjacent to the interchange ramp. Thus, the trial court did not err in determining that the respondent's method of defining interstate right-of-way based solely on the respective dates of construction to be completely arbitrary.

Respondent next argues that the trial court committed error because it did not address respondent's argument that even if Whiteheart's sign was located within 660 feet of the interstate right-of-way, Whiteheart would still be ineligible for a permit as his sign is located too close to a pre-existing permitted sign.

We find this argument to be without merit as the trial court's order explicitly states, "the only contention argued by the parties was whether the petitioner's outdoor advertising in question is within 660 feet of the nearest edge of the right of way of Business I-40 so as to invoke the control of N.C. DOT over the billboard [.]"

The order of the trial court is

Affirmed.

Judges WYNN and SMITH concur.