LISA SANDERSON RABON, Plaintiff v. FAY ELIZABETH HOPKINS and

KEYSTONE FREIGHT CORP. Defendants

No. COA10-455

(Filed 7 December 2010)

## 1. Pleadings— leave to amend answer properly denied—undue delay—no abuse of discretion

The trial court did not abuse its discretion in denying defendants' motion for leave to amend their answer to a negligence action to include the affirmative defense of contributory negligence where defendants failed to offer any sufficient explanation for the nine-month delay in seeking the amendment.

## 2. Negligence— contributory negligence—motion to preclude evidence properly granted

The trial court did not err by granting plaintiff's motion to preclude defendants from offering evidence of plaintiff's contributory negligence as the trial court correctly denied defendants' motion for leave to amend their answer to include contributory negligence. Because plaintiff's contributory negligence was not at issue in the case, any probative value of evidence of plaintiff's conduct was outweighed by the danger of such evidence confusing the jury.

## 3. Evidence— expert testimony—within scope of expertise— admissible

The trial court did not err by allowing plaintiff's expert to testify about the operation of the brakes of the tractor-trailer involved in an automobile accident. The testimony was within the scope of the expert's expertise and was therefore admissible.

## 4. Negligence— judgment notwithstanding verdict—sufficient evidence—motion properly denied

The trial court did not err by denying defendants' motion for judgment notwithstanding the verdict in a negligence action arising out of a vehicular accident. Even if plaintiff had failed to offer sufficient evidence that defendant Hopkins failed to properly connect an air line which controlled the brakes on her tractor-trailer, there was sufficient evidence that defendant Hopkins failed to take the appropriate steps to avoid a collision following the onset of that emergency situation.

## 5. Evidence— jury instructions—spoliation of evidence—excessive speed—proper

The trial court did not err by denying defendants' motion for new trial in a negligence case as the trial court's jury instructions on spoliation of evidence and excessive speed were proper.

Appeal by Defendants from judgment entered 27 July 2009 by Judge John O. Craig, III in Guilford County Superior Court. Heard in the Court of Appeals 26 October 2010.

*Bretzmann & Aldridge, L.L.P., by Raymond A. Bretzmann, for Plaintiff.*

*Dickie, McCamey & Chilcote, PC, by John T. Holden, for Defendants.*

STEPHENS, Judge.

### Facts

On 11 April 2008, Plaintiff Lisa Sanderson Rabon was involved in a collision with a tractor-trailer owned by Defendant Keystone Freight Corporation ("Defendant Keystone") and operated by Defendant Fay Elizabeth Hopkins ("Defendant Hopkins").

On 12 June 2008, Plaintiff filed a complaint against Defendants in Guilford County Superior Court, setting forth claims for relief based on the alleged negligence of Defendant Hopkins, imputed negligence of Defendant Keystone under the theory of *respondeat superior*, and negligent entrustment by Defendant Keystone. On 3 September 2008, Defendants filed their answer, which set forth the affirmative defenses of unavoidable accident and sudden emergency.

On 13 July 2009, following extensive discovery by both parties, the trial court permitted Defendants to substitute counsel. On 15 July 2009, the day the trial was set to begin, Defendants filed a motion for leave to amend their answer to include the defense of contributory negligence. The trial court denied Defendants' motion and also granted Plaintiff's motion to preclude Defendants from presenting any evidence of alleged negligence by Plaintiff. The case was tried before a jury at the 13 July 2009 Civil Session of the Superior Court of Guilford County, the Honorable John O. Craig, III presiding.

The evidence presented at trial tended to show that on 11 April 2008, Defendant Hopkins was employed by Defendant Keystone as a truck driver and, in the course of that employment, was operating a Volvo tractor that was pulling a trailer loaded with K-Mart goods. Traveling southwest from Greensboro, North Carolina, where she had picked up the trailer from the K-Mart distribution center, Defendant Hopkins merged onto the exit ramp from Interstate 85 at the Randolph Street exit in Thomasville, North Carolina. Defendant Hopkins testified that as she pulled onto the exit ramp, she noticed a warning light on her truck indicating that the air pressure for the trailer's air brakes was low. Defendant Hopkins testified that she unsuccessfully attempted to slow the truck as it approached a red light at the bottom of the exit ramp. As Defendant Hopkins entered the intersection against a red light, Plaintiff's vehicle collided with Defendant Hopkins' tractor-trailer. Plaintiff suffered severe injuries and was taken by ambulance to the hospital; Plaintiff testified that she had no recollection of the collision. A witness who observed the tractor-trailer was traveling at approximately fifty miles per hour when it was driven through the intersection. After the collision, it was observed that the air line for the trailer's brakes was disconnected from the tractor.

Following the presentation of evidence, the jury returned a verdict finding Defendant Hopkins negligent and awarding Plaintiff $150,000 in damages for personal injuries and $3,500 for property damage. Defendants appeal.

*I. Denial of Defendants' motion for leave to amend their answer*

[1] Defendants first argue that the trial court's denial of Defendants' motion for leave to amend their answer to include the affirmative defense of contributory negligence was error. We disagree.

Motions to amend are governed by North Carolina Civil Procedure Rule 15(a), which, as applicable to this case, provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2009). A ruling on a motion for leave to amend is addressed to the sound discretion of the trial judge and the denial of such a motion is not reviewable absent a clear showing of abuse of discretion. *Martin v. Hare*, 78 N.C. App. 358, 360-61, 337 S.E.2d 632, 634 (1985).

A trial court abuses its discretion only where no reason for the ruling is apparent from the record. *Ledford v. Ledford*, 49 N.C. App.

RABON v. HOPKINS

[208 N.C. App. 351 (2010)]

226, 233-34, 271 S.E.2d 393, 398-99 (1980). Our Courts have held that reasons justifying denial of leave to amend are undue delay, bad faith, undue prejudice, and futility of amendment. *See, e.g., Walker v. Walker*, 143 N.C. App. 414, 418, 546 S.E.2d 625, 628 (2001); *Members Interior Constr., Inc. v. Leader Constr. Co.*, 124 N.C. App. 121, 124, 476 S.E.2d 399, 402 (1996), *disc. rev. denied*, 345 N.C. 754, 485 S.E.2d 56 (1997); *Martin*, 78 N.C. App. at 361, 337 S.E.2d at 634.

It is apparent from the record in this case that the bases for the trial court's denial of Defendants' motion were undue delay and futility of amendment.

The trial court's denial on grounds of futility of amendment appears justified based on Plaintiff's inability to recall the collision and Defendant Hopkins' testimony that she did not believe Plaintiff was at fault in the collision. Nevertheless, in determining whether the trial court abused its discretion in denying Defendants leave to amend their answer, we address undue delay as the apparent basis for the court's ruling.

This Court has held that a trial court may appropriately deny a motion for leave to amend on the basis of undue delay where a party seeks to amend its pleading after a significant period of time has passed since filing the pleading and where the record or party offers no explanation for the delay. *See Media Network, Inc. v. Long Haymes Carr, Inc.*, 197 N.C. App. 433, 447-48, 678 S.E.2d 671, 681 (2009) (affirming denial of leave to amend where defendant filed motion three months after filing answer and offered no credible explanation for the delay); *Walker v. Sloan*, 137 N.C. App. 387, 402, 529 S.E.2d 236, 247 (2000) (affirming denial where there was nothing in the record to explain why plaintiff waited until three months after defendant filed answer); *Caldwell's Well Drilling, Inc. v. Moore*, 79 N.C. App. 730, 731, 340 S.E.2d 518, 519 (1986) (affirming denial of leave to amend where record did not indicate why plaintiff waited three months from filing of answer before moving to amend complaint).

In this case, Defendants' answer was filed 3 September 2008 and raised the affirmative defenses of unavoidable accident and sudden emergency. It was not until 15 July 2009—following the conclusion of discovery, on the day the jury was to be impaneled, and over nine months after Defendants' answer was filed—that Defendants moved the court to grant leave to amend the answer to include the defense of contributory negligence.

In their motion for leave to amend, Defendants argued that leave should be granted because the contributory negligence defense was "inadvertently omitted" from the answer. However, Defendants abandoned this explanation at the colloquy on the motion and admitted that the defense was, in fact, deliberately omitted.

Defendants further argued in their motion for leave to amend, and reiterate on appeal, that, in this type of case, the reasonableness of a plaintiff's actions is always at issue such that Plaintiff should have been on notice that contributory negligence was going to be argued by Defendants. We find this argument to be as unpersuasive as it is disingenuous.

Defendants' argument is wholly at odds with our Rules of Civil Procedure, especially the concept of notice pleading. Rule 8(c) requires that, in a responsive pleading, a party must "set forth affirmatively" the defense of contributory negligence, including a "short and plain statement . . . sufficiently particular *to give the court and the parties notice*" of the occurrences to be proved. N.C. Gen. Stat. § 1A-1, Rule 8(c) (2009) (emphasis added). Further, because Defendants failed to plead contributory negligence as an affirmative defense in the answer, that defense was waived. *Nationwide Mut. Ins. Co. v. Edwards*, 67 N.C. App. 1, 6, 312 S.E.2d 656, 660 (1984). Accordingly, instead of supporting Defendants' position that Plaintiff was on notice of a contributory negligence defense despite Defendants' *deliberate* failure to raise that defense in their answer, Rule 8(c) supports the exact opposite position: Plaintiff was not on notice of a contributory negligence defense precisely because of Defendants' failure to properly raise that defense in their answer.

Defendants also argue that Defendants' substitution of counsel in the days leading up to trial gave Defendants the right to assert any defense of their choosing, including any affirmative defense waived before the substitution. This argument borders on the absurd. We find no legal support, and none is presented by Defendants, for the position that a party who voluntarily substitutes counsel in the week before trial is entitled to delay trial in order to present any affirmative defenses the new counsel conjures up, especially one waived by former counsel after indicating to the trial court that "he [prior counsel] could not claim the defense of [c]ontributory [n]egligence in good faith." In their final argument as to why the denial of their motion was error, Defendants offer as the explanation for the delay the fact that the defense of contributory negligence "became vastly more impor-

tant when it became apparent the case would be tried" such that leave should have been granted. This "reasoning" is not only wholly unpersuasive; it offends common sense. Disregarding Defendants' odd determination of the relative importance of a contributory negligence defense at different points pretrial, it must have become "apparent the case would be tried" at some point before the day the case was actually set to be tried.

Because Defendants fail to offer any sufficient explanation for the nine-month delay in seeking to amend their answer, we conclude that the trial court did not abuse its discretion in denying Defendants' motion for leave to amend to include the affirmative defense of contributory negligence.

## II. Grant of Plaintiff's motion to preclude Defendants from presenting evidence of contributory negligence

[2] Defendants next argue that the trial court erred by granting Plaintiff's motion to preclude Defendants from offering evidence of Plaintiff's contributory negligence on grounds that the evidence was "relevant to the issues in the case" and that "Plaintiff raised no claim of prejudice or unfair surprise to the assertion of the affirmative defense." Insofar as Defendants' arguments on this issue address their entitlement to raise the affirmative defense of contributory negligence, that portion of the arguments is overruled as we have already concluded, *supra*, that the trial court did not abuse its discretion in denying Defendants' motion for leave to amend their answer.

As for Defendants' argument that evidence of Plaintiff's contributory negligence was "relevant to the issues[,]" the North Carolina Rules of Evidence provide that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2009). Defendants argue that "[q]uestions of the reasonableness of each driver's actions are always at issue in [a two-car accident] motor vehicle case" such that the evidence was relevant. As discussed *supra*, however, because Defendants failed to raise the issue of contributory negligence in their answer, the "reasonableness" of Plaintiff's actions was not at issue and evidence of Plaintiff's actions offered in support of an unpleaded, and thus waived, affirmative defense was not relevant.

Further, assuming *arguendo* it was in any way relevant, evidence of Plaintiff's conduct was appropriately excluded by the trial court because any probative value was substantially outweighed by the danger of confusion of the issues under Rule of Evidence 403. N.C. Gen. Stat. § 8C-1, Rule 403 (2009). In granting Plaintiff's motion to preclude the evidence of contributory negligence, the trial court stated that "I'm inclined to not allow the jury to be confused by any questions or certainly any arguments about contributory negligence, they're not going to receive it as an issue in the case and they're not going to receive instruction on it." Because Plaintiff's contributory negligence was not at issue in the case, any probative value of evidence of Plaintiff's conduct was certainly outweighed by the danger of such evidence confusing the jury. Accordingly, the trial court did not err by precluding Defendants from presenting evidence of Plaintiff's contributory negligence.

Defendants further argue, irrespective of the admissibility of the evidence, that the trial court erred by granting Plaintiff's motion because that decision "deprived []Defendants of any opportunity to develop a record for a motion for directed verdict or motion for judgment notwithstanding the verdict." Defendants support this argument by citing several cases that stand for the proposition that unpleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment. *See Miller v. Talton*, 112 N.C. App. 484, 487, 435 S.E.2d 793, 796 (1993); *Ridings v. Ridings*, 55 N.C. App. 630, 632, 286 S.E.2d 614, 615-16, *disc. rev. denied*, 305 N.C. 586, 292 S.E.2d 571 (1982).

The oft-stated reason for considering unpleaded defenses in resolving a summary judgment motion is the policy favoring liberality in amendment of pleadings. *See, e.g., North Carolina Nat'l Bank v. Gillespie*, 291 N.C. 303, 306, 230 S.E.2d 375, 377 (1976) (noting the policy favoring liberality in the amendment of pleadings and holding that unpleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment); *Cooke v. Cooke*, 34 N.C. App. 124, 125, 237 S.E.2d 323, 324 (holding that the nature of summary judgment procedure, coupled with our generally liberal rules relating to amendment of pleadings, require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment), *disc. rev. denied*, 293 N.C. 740, 241 S.E.2d 513 (1977). In the context of summary judgment, this policy of liberality urges the trial court to consider evidence of the unpleaded affirmative defense

by either deeming the answer amended to conform to the evidence, or permitting formal amendment of the answer prior to considering the proof. *North Carolina Nat'l Bank*, 291 N.C. at 306, 230 S.E.2d at 377.

In evaluating Defendants' argument on this issue, we note that if the trial court were to consider the unpleaded defense of contributory negligence during a hypothetical hearing on a motion for directed verdict, the trial court would be required to deem the answer amended or to permit formal amendment of the answer. *See id.* Paradoxically then, Defendants are arguing that although in this case the trial court already denied Defendants' motion for leave to amend, the trial court's exclusion of evidence of contributory negligence was error because the trial court might have granted leave to amend later in the proceedings. We find this argument unpersuasive and, indeed, nonsensical.

Based on the foregoing, we conclude that the trial court did not err by excluding evidence of the unpleaded affirmative defense of contributory negligence. Defendants' argument is overruled.

*III. Denial of Defendants' motion to preclude expert testimony*

**[3]** At trial, Plaintiff called Reginald Hines ("Hines") as an expert witness "qualified to testify as an expert in the area of motor carrier safety, the requirements of the Federal Motor Carrier Safety Regulations [("the Regulations")] and North Carolina motor vehicle law." Defendants argue that the trial court erred by allowing Hines to testify about the operation of the tractor-trailer brakes because, based on Hines' own admission during *voir dire* that "the mechanical features on the brakes" were "outside the area of [his] expertise," the testimony allowed by the trial court was outside the scope of Hines' expertise and therefore inadmissible.

It is well established that trial courts must decide preliminary questions concerning the qualifications of experts to testify or the admissibility of expert testimony. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004) (citing N.C. Gen. Stat. § 8C-1, Rule 104(a)). "Whether a witness has the requisite skill to qualify as an expert in a given area is chiefly a question of fact, the determination of which is ordinarily within the exclusive province of the trial court." *State v. Goodwin*, 320 N.C. 147, 150, 357 S.E.2d 639, 641 (1987). A trial court's ruling on the qualifications of an expert or the admissibility of an expert's opinion will not be reversed on appeal absent a showing of abuse of discretion. *Howerton*, 358 N.C. at 458, 597 S.E.2d at 686.

The first portion of Hines' testimony to which Defendants objected was Hines' affirmative response to the question, "Is [the attachment mechanism for the air line to the trailer's brakes] designed so that it will stay in place as a tractor[-]trailer travels in the ordinary course of it's [sic] transporting?"

At *voir dire*, the trial judge asked Hines "what knowledge and experience he has of the [attachment] mechanism of the [air line] valve itself. Not necessarily the entire braking system, but the way the valve connects the truck and the trailer." Hines responded as follows:

> Yes. I've done thousands of truck inspections and at times we had to take that [] loose. For example, I was a judge for truck driving championships and we would go out there, prepare trucks for the drivers to come inspect to see if they would catch those type of things. So we unhooked the [attachment mechanism]. All it is is a mechanism so that the air can get from the truck to the trailer. And they hook together like this and the nature of it is that they lock so that it won't come loose shaking down the road.

Defendants argue that to answer the challenged question, one would need to be an engineer, which Hines was not. We disagree. It is obvious that an expert in the field of motor carrier safety who had done thousands of truck inspections would know whether the air line was designed to stay attached during the normal course of transport, regardless of whether the expert was an engineer who could explain the exact physical forces that keep the air line in place. Further, Rule of Evidence 702, which governs the admissibility of expert testimony, has been interpreted by our Courts to require "only that the expert be better qualified than the jury as to the subject at hand, with the testimony being helpful to the jury." *State v. Davis*, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992) (internal quotation marks omitted), *disc. rev. denied*, 333 N.C. 347, 426 S.E.2d 710 (1993). In this case, there can be no doubt that Hines was better qualified than the jury such that the trial court correctly concluded that Hines was qualified to explain to the jury about the attachment mechanism. Accordingly, the trial court did not abuse its discretion in admitting Hines' testimony on this subject.

The second portion of Hines' testimony to which Defendants objected was Hines' explanation of what theoretically would happen to the air pressure if the air line became disconnected. After Hines read and explained a lengthy portion of the Regulations detailing the "compliance requirements on combination trucks with air brakes[,]"

Plaintiff's counsel asked Hines, "[W]hat would happen to the air pressure if [the air line], as you've identified in that photograph, were to [] become disconnected[?]" Hines then testified that there would be a reduction of air pressure and ultimately the brakes of the trailer would lock down. Once again, although Hines admitted that he was unfamiliar with the "mechanical features on the brakes," his experience with motor carrier safety and his knowledge of the Regulations were sufficient to permit Hines to testify as to the types of brake systems required by the Regulations and to the interplay between those brake systems. Accordingly, the trial court did not abuse its discretion in admitting Hines' testimony on this subject.

The final portion of Hines' testimony to which Defendants objected was a reading from the North Carolina commercial drivers manual about safe driving practices following brake failure. Because Hines was proffered as an expert on North Carolina motor vehicle law, and because Hines' testimony on this subject involved simply reading to the jury sections of the North Carolina commercial drivers manual, we conclude that this testimony was clearly not outside the scope of Hines' expertise.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in admitting the portions of Hines' testimony to which Defendant objected.[1]

*IV. Denial of Defendants' motion for judgment notwithstanding the verdict*

[4] Defendants next argue that the trial court erred by denying their motion for judgment notwithstanding the verdict.

In ruling on a motion for judgment notwithstanding the verdict, the trial court must consider the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable inferences to be drawn therefrom and resolving all conflicts in the evidence in his favor. *Smith v. Price*, 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986). When determining the correctness of the trial court's denial of directed verdict or judgment notwithstanding the verdict, the question is

---

1. Defendants also argue that the testimony regarding the Regulations was irrelevant because "[n]o claim was ever made by the [P]laintiff that any violation of the . . . Regulations caused or contributed in any way to the occurrence of the accident." However, Plaintiff's third claim for relief alleges that Defendant Keystone negligently failed to train the driver in the Regulations. Although a directed verdict was eventually granted on the third claim for relief, the claim was still viable at the time of the trial court's ruling on the admissibility of Hines' testimony. Accordingly, this argument is overruled.

whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury. *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 323, 411 S.E.2d 133, 138 (1991).

On appeal, Defendants contend that the evidence was insufficient to support the jury's verdict and, therefore, insufficient to support the judgment based on the jury's verdict. As such, Defendants argue that the trial court should have granted their motion for judgment notwithstanding the verdict.

Specifically, Defendants contend that "[t]his case involves a single allegedly negligent act": failure of Defendant Hopkins to properly connect an air line which controlled the brakes on the trailer portion of her tractor-trailer. Defendants argue that because Plaintiff did not present sufficient evidence of this allegedly negligent act, Plaintiff did not establish a *prima facie* case of negligence, and that, accordingly, their motion should have been granted.

Disregarding the merits of Defendants' argument on that specific allegation of negligence, we note, as did the trial court in its denial of the motion and as did Plaintiff in her brief, that Defendants' argument overlooks the allegations and supporting evidence tending to establish that Defendant Hopkins was negligent in failing to reduce speed after the reduction in braking power by engaging other braking mechanisms, downshifting her engine, or by maneuvering evasively to avoid the collision. Because the evidence of these other negligent acts, taken in the light most favorable to Plaintiff, tended to show that, regardless of the cause of the emergency situation, Defendant Hopkins failed to take the appropriate steps to avoid a collision following the onset of that emergency situation, we conclude there was sufficient evidence for the jury to find in favor of Plaintiff. Accordingly, we hold that the trial court did not err in denying Defendants' motion. Defendants' argument is overruled.

### V. Denial of Defendants' motion for a new trial

[5] Defendants next argue that the trial court erred by denying their motion for a new trial on grounds that the trial court's jury instructions on spoliation of evidence and excessive speed were improper.

Defendants' argument as to spoliation cites absolutely no legal authority in violation of Appellate Rule 28(b)(6). N.C. R. App. P. 28(b)(6) (2009) ("The body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies."). Accordingly, it would not be

improper to deem this argument abandoned. *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (holding that "[i]t is not the duty of this Court to supplement an appellant's brief with legal authority"), *supersedeas denied and disc. rev. denied,* 360 N.C. 63, 623 S.E.2d 582 (2005). Nevertheless, we address Defendants' argument and note that, in discovery, Defendant Keystone denied the existence of any photographs of the truck following the accident. However, at trial, Defendant Hopkins testified that she took pictures of the accident and gave them to her supervisor at Keystone. Further, Defendants denied in discovery the existence of any device that records data concerning the operation of the truck. At trial, however, Plaintiff's expert John Flannigan testified that the type of truck owned by Defendant Keystone and operated by Defendant Hopkins would have had such a device. Defense counsel later argued to the trial court that the truck had been put back into service and that the data was unavailable.

Because Defendants almost certainly were aware of a potential claim by Plaintiff at the time the photographs and recorded data were in Defendant Keystone's control, *cf. McLain v. Taco Bell Corp.*, 137 N.C. App. 179, 187, 527 S.E.2d 712, 718 (noting that the obligation to preserve evidence may arise prior to the filing of a complaint where the opposing party is on notice that litigation is likely to be commenced), *disc. rev. denied,* 352 N.C. 357, 544 S.E.2d 563 (2000), these contradictions were sufficient to support a jury instruction on spoliation. *See Arndt v. First Union Nat'l Bank,* 170 N.C. App. 518, 527, 613 S.E.2d 274, 281 (2005) (upholding a trial court's instructions on spoliation and noting that where a party fails to introduce in evidence documents relevant to the matter in question and within his control, there is a presumption that the evidence withheld, if forthcoming, would injure his case).

Finally, Defendants argue that their motion for a new trial should have been granted because the trial court's instruction on excessive speed was improper. Regarding Plaintiff's allegation that Defendant Hopkins drove in excess of the legally posted speed limit, the trial court instructed the jury as follows:

[T]he motor vehicle law provides that it is unlawful to operate a motor vehicle at a speed greater than 35 miles per hour inside municipal corporate limits unless another maximum speed limit is posted. A violation of this safety statute is negligence in and of itself.

RABON v. HOPKINS

[208 N.C. App. 351 (2010)]

Defendants argue that this instruction was error because the speed limit on the exit ramp is not thirty-five miles per hour as it is elsewhere in Thomasville. *See* N.C. Gen. Stat. § 20-141(b) (2009) ("Except as otherwise provided in this Chapter, it shall be unlawful to operate a vehicle in excess of . . . [t]hirty-five miles per hour inside municipal corporate limits for all vehicles."). In support of this argument, Defendants cite *Whiteheart v. Garrett*, 128 N.C. App. 78, 493 S.E.2d 493 (1997), for the proposition that "[interstate exit] ramps which are part of the interstate highway system are not part of a local municipality and not subject to the rules and regulations of the local municipality." Despite Defendants' interpretation otherwise, *Whiteheart* merely holds that N.C. Gen. Stat. § 136-129 should be interpreted so that interstate exit ramps are considered part of the "right-of-way" of the interstate for purposes of the Department of Transportation billboard regulations. *See id.* The holding in *Whiteheart* does not stand for the proposition that interstate exit ramps are not subject to regulations of municipalities. *See id.*

Irrespective of any questions as to the governing speed limit on an interstate exit ramp, however, the fact remains that *Plaintiff* was not traveling on the interstate exit ramp when her vehicle collided with Defendants' tractor-trailer. Accordingly, at some point, even if that point was the point of collision, Defendants' tractor-trailer was traveling in excess of thirty-five miles per hour in the thirty-five-mile-per-hour municipal speed zone. Because the trial court's instruction stated that "it is unlawful to operate a motor vehicle at a speed greater than 35 miles per hour inside municipal corporate limits[,]" and because Defendants' tractor-trailer was being operated in excess of that speed while inside the municipal corporate limits at the time of the collision, we conclude that the trial court's instruction was not error. Accordingly, the trial court did not err by denying Defendants' motion for a new trial. Defendants' argument is overruled.

NO ERROR.

Chief Judge MARTIN and Judge STROUD concur.