Global Textile All., Inc. v. TDI Worldwide, LLC, 2018 NCBC 30.

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 7304

GLOBAL TEXTILE ALLIANCE,
INC.,

                Plaintiff,

    v.


TDI WORLDWIDE, LLC et. al.,


                Defendants.

**ORDER ON MOTION TO FURTHER
AMEND COMPLAINT**

THIS MATTER comes before the Court upon Plaintiff Global Textile Alliance, Inc.'s ("Plaintiff" or "GTA") Motion to Further Amend Complaint. ("Motion to Further Amend"; ECF No. 224.)

Plaintiff seeks leave to amend its Amended Complaint (ECF No. 149) filed on December 14, 2017 to "(i) assert additional facts against the existing Defendants in support of existing claims; [ ] (ii) to plead new and additional claims against existing Defendants Timothy Dolan and James Dolan[;]" and to add six additional proposed Defendants. (ECF No. 224, at pp. 1–2.) With the Motion to Further Amend, Plaintiff filed a document titled "Plaintiff's Second Amendment to Complaint (Proposed)" which contains only the allegations and claims Plaintiff moves to add to the Amended Complaint, numbered and categorized into headings and sub-headings that are separate and distinct from the numbers and headings already existing in the

Amended Complaint. ("Proposed Second Amendment"; ECF Nos. 224.1 and 224.2.) The Proposed Second Amendment also attaches and incorporates sixteen exhibits consisting of nine email strands relating to the new allegations. (ECF No. 224.1, Exs. 8–10; ECF No. 224.2, Exs. 10–16.) All of the Defendants oppose the Motion to Further Amend.

THE COURT, having considered the Motion to Further Amend, the Proposed Second Amendment, the briefs filed in support of and in opposition to the Motion to Further Amend, and other appropriate matters of record, concludes, in its discretion, that the Motion to Further Amend should be GRANTED, in part, and DENIED, in part, in the manner and for the reasons set forth below. In addition, the Court concludes that Plaintiff should be required to file another complaint, incorporating the amendments permitted herein, as a "Second Amended Complaint."

I.      FACTS AND PROCEDURAL BACKGROUND

1.      The general factual background is thoroughly set out in the Court's Prior Order on Plaintiff's Motion for Preliminary Injunction, and will not be repeated herein. (Order on Pl. Mot. for Prelim. Inj. and Def. Mot. to Strike; ECF No. 129, ¶¶ 1–23.) Only the facts and procedural history relating to issues presented by the Motion to Further Amend will be discussed here.

2.      The procedural history of this case is significant in the Court's consideration of the Motion to Further Amend and will be briefly summarized. Plaintiff filed its initial Verified Complaint on August 15, 2017, ("First Complaint"; ECF No. 4), alleging claims against Defendants TDI Worldwide, LLC ("TDI"); Dolven

Enterprises, Inc. ("Dolven"); Timothy Dolan; James Dolan; Steven Graven; Ryan Graven; Garrett Graven; Guangfaynan, Ltd.; Guangfaynan, LTDA; Guangfaynan Coop; Guangfaynan Shanghai; and Fresh Industries, Inc. for: actual and constructive fraud (First Claim for Relief) against Dolven and affiliates, Timothy Dolan, Steven Graven, Ryan Graven, and Garrett Graven; conspiracy (Second Claim for Relief) against Timothy Dolan, Steven Graven, Ryan Graven, Garrett Graven, and James Dolan; embezzlement and conversion (Third Claim for Relief) against Timothy Dolan and Steven Graven; common law unfair competition/business conversion (Fourth Claim for Relief) against all Defendants; unfair and deceptive trade practices (Fifth Claim for Relief) against all Defendants; misappropriation of trade secrets (Sixth Claim for Relief) against all Defendants; breach of fiduciary and other duties (Seventh Claim for Relief) against Timothy Dolan, Steven Graven, Ryan Graven, and Garrett Graven; a request for the remedy of a constructive trust (Eighth Claim for Relief); fraudulent transfer pursuant to N.C. Gen. Stat. § 39-23.1 (Ninth Claim for Relief) against Dolven and its principals and affiliates; and a motion for preliminary and permanent injunction. (ECF No. 4.)

     A.    *The first motions to dismiss filed by James Dolan and the other Defendants and Plaintiff's first amendment to the Complaint*

3.    On September 25, 2017, James Dolan filed a motion to dismiss the First Complaint. (J. Dolan First Mot. to Dismiss; ECF No. 41.) On September 27, 2017, James Dolan also filed an Answer to the First Complaint. (J. Dolan First Answer; ECF No. 44.)

4. On November 13, 2017, Plaintiff filed its response to James Dolan's motion to dismiss, (Br. Opp. J. Dolan First Mot. to Dismiss; ECF No. 123), and on December 1, 2017, James Dolan filed a reply brief. (Reply Supp. J. Dolan First Mot. to Dismiss; ECF No. 133.) James Dolan's motion to dismiss was ripe for determination.

5. During September and October 2017, Steven Graven, Garrett Graven, TDI, Timothy Dolan, Ryan Graven, and Dolven also filed motions to dismiss the First Complaint. Plaintiff obtained extensions of time to respond to the motions to dismiss by these Defendants but did not ultimately have to file responses.

6. On December 5, 2017, the Court filed a Notice of Hearing on James Dolan's First Motion to Dismiss, and certain other outstanding motions. The hearing was set for December 20, 2017. (Notice of Hearing; ECF No. 134.)

7. On December 11, 2017, Plaintiff moved to amend its First Complaint. ("First Motion to Amend"; ECF No. 136, 145.)[1] The Court granted Plaintiff's First Motion to Amend, (Order Granting First Mot. to Amend; ECF No. 147), and Plaintiff filed the Amended Complaint on December 14, 2017. (ECF No. 149.)

8. The Amended Complaint corrected the names of several Defendants, alleged additional facts, and raised new claims for: breach of confidentiality and nondisclosure agreement against Steven Graven; breach of subcontractor agreement against Timothy Dolan, Steven Graven, Ryan Graven, and Dolven, Inc.; and

---

[1] Plaintiff subsequently filed its Motion to Amend Verified Complaint again on December 11, 2017, "in order to attach the Index and Exhibits to the Motion to Amend (ECF [No.] 136)." (ECF No. 145, at p. 1 at n. 1.)

disgorgement of compensation against Timothy Dolan, Steven Graven, Garrett Graven, and Ryan Graven. (ECF No. 149.) The Amended Complaint also eliminated the claim for misappropriation of trade secrets. Finally, the Amended Complaint alleged the claim for constructive fraud against James Dolan and dropped certain Defendants from the claim for constructive trust. (ECF No. 149.)

9. As a result of Plaintiff's filing of the Amended Complaint, the Court cancelled the hearing on James Dolan's motion to dismiss. (Notice of Cancellation; ECF No. 151.)

10. On January 2, 2018, the Court entered a Case Management Order ("CMO"). (ECF No. 153.) The CMO set a deadline of February 28, 2018, for the parties to seek amendment of the pleadings. (*Id*. at p. 8.) The CMO also set a deadline of November 31, 2018 for completion of fact discovery. (*Id*. at p. 5.)

B. *The second motions to dismiss filed by James Dolan and the other Defendants*

11. On January 9, 2018, James Dolan filed a motion to dismiss the Amended Complaint. (ECF No. 156.) On February 12, 2018, Plaintiff filed a responsive brief in opposition to James Dolan's motion to dismiss the Amended Complaint. (ECF No. 186.) On February 26, 2018, James Dolan filed a reply brief. (ECF No. 213.) On February 28, 2018, the Court issued a Notice of Hearing on James Dolan's motion to dismiss the Amended Complaint, setting the hearing for March 14, 2018. (ECF No. 215.)

12.     Between January 26 and January 31, 2018, Fresh Industries, Ltd.[2], Garrett Graven, Timothy Dolan and TDI, Ryan Graven, Dolven and other Dolven affiliates, and Steven Graven filed motions to dismiss the Amended Complaint.  On January 31, 2018, Ryan Graven and Dolven, Steven Graven, and Timothy Dolan filed answers to the Amended Complaint.

13.     On March 1, 2018, Plaintiff filed a brief in opposition to Garrett Graven's motion to dismiss the Amended Complaint, (ECF No. 216), and on March 12, 2018, Garrett Graven filed a reply brief.  (ECF No. 226.)  On March 13, 2018, the Court issued a Notice of Hearing on Garrett Graven's motion to dismiss the Amended Complaint, setting the hearing for April 4, 2018.  (ECF No. 230.)[3]

14.     On March 15, 2018, Plaintiff filed briefs in opposition to the motions to dismiss the Amended Complaint filed by Ryan Graven, Dolven and other Dolven affiliates, Steven Graven, and Timothy Dolan and TDI.  Timothy Dolan and TDI, and Steven Graven filed reply briefs in support of their motions to dismiss the Amended Complaint, and each of those motions to dismiss was ripe for determination.

*C. The Motion to Further Amend*

15.     On March 12, 2018, Plaintiff filed the Motion to Further Amend and the Proposed Second Amendment.  The Proposed Second Amendment seeks to allege additional facts in support of existing claims contained in the Amended Complaint, and to plead new facts in support of nine new claims against six new proposed

---

[2] Plaintiff subsequently voluntarily dismissed without prejudice all claims against Fresh Industries, Ltd.  (ECF No. 222.)

[3] In light of issues raised by Plaintiff's filing of the Motion to Further Amend, on March 22, 2018, the Court subsequently canceled the hearing.  (Notice of Cancellation; ECF No. 241.)

Defendants: Fernley Partners Retail II, LLC ("Fernley"); John Dolan; Brendan Egan; USS, Inc. ("USS"); Hostwell Industrial Limited ("Hostwell"); and Grace Wang ("Wang") (collectively, the "Proposed Defendants"). (ECF No. 224.)

16. With regard to the new claims and Proposed Defendants, the Proposed Second Amendment generally alleges that Hostwell is an "unlimited company organized and existing under and by virtue of the laws of Hong Kong." (ECF No. 224.1, at ¶ 25.) Wang allegedly owns Hostwell. (*Id.*) The Proposed Second Amendment alleges that Hostwell and Wang paid "kickbacks" and other improper payments to Fernley and USS, entities owned in whole or in part by Timothy and James Dolan, in exchange for overpayments made to Hostwell by GTA. (*Id.* at ¶¶ 21– 46.) The Proposed Second Amendment alleges that the overpayments by GTA were directed by Timothy Dolan. Plaintiff alleges that the other Proposed Defendants played various roles in this "commercial bribery and embezzlement scheme." (*Id.* at ¶ 20.)

17. The Court ordered a modification of the briefing schedule for the Motion to Further Amend. (ECF No. 231.) On March 22, 2018, Defendants filed briefs in opposition to the Motion to Further Amend, including: James Dolan (ECF No. 244); Garrett Graven (ECF No. 245); Ryan Graven and Dolven with its affiliates (ECF No. 246); Steven Graven (ECF No. 247); and Timothy Dolan and TDI (ECF No. 248). On March 26, 2018, Plaintiff filed its reply in support of the Motion to Further Amend. (ECF No. 252.2.)

18. The Motion to Further Amend is now ripe for decision. Pursuant to the Rule of the North Carolina Business Court ("BCR") 7.4, the Court decides the Motion to Further Amend without a hearing.

II. ANALYSIS

19. North Carolina Rule of Civil Procedure 15(a) provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2017) (hereinafter, references to the General Statutes will be to "G.S." and references to the Rules of Civil Procedure will be to "Rule(s)"). A trial court's decision regarding a motion to amend is discretionary, and "[a] trial court abuses its discretion only where no reason for the ruling is apparent from the record." *Rabon v. Hopkins*, 208 N.C. App. 351, 353, 703 S.E.2d 181, 184 (2010).

20. "Reasons justifying denial of a motion to amend include (a) undue delay, (b) undue prejudice, and (c) futility of amendment." *Members Interior Constr. v. Leader Constr. Co.*, 124 N.C. App. 121, 124, 476 S.E.2d 399, 402 (1996). "The burden is upon the party objecting to the amendment to set forth the grounds for his objection and to establish that he will be prejudiced if the motion is allowed." *Rogers v. Rogers*, 39 N.C. App. 635, 636, 251 S.E.2d 663, 664 (1979); *see also Peed v. Peed*, 72 N.C. App. 549, 325 S.E.2d 275, *cert. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985); *Estrada v. Jaques*, 70 N.C. App. 627, 321 S.E.2d 240 (1984); *Mauney v. Morris*, 316 N.C. 67, 340 S.E.2d 397 (1986).

21.    "In deciding if there was undue delay, the trial court may consider the relative timing of the proposed amendment in relation to the progress of the lawsuit." *Draughon v. Harnett County Bd. of Educ.*, 166 N.C. App. 464, 467, 602 S.E.2d 721, 724 (2004); *Stetser v. TAP Pharm. Prods. Inc.*, 165 N.C. App. 1, 31, 598 S.E.2d 570, 590 (2004) ("[T]he trial court, in its discretion, may consider the relative timing of the proposed amendment in relation to the progress of the lawsuit."). The "trial court may appropriately deny a motion for leave to amend on the basis of undue delay where a party seeks to amend its pleading after a significant period of time has passed since filing the pleading and where the record or party offers no explanation for the delay." *Rabon*, 208 N.C. App. at 354, 703 S.E.2d at 184. Close proximity to a hearing on motions that would be mooted by amendment to the complaint is a factor courts can consider in favor of finding undue delay. *See Wilkerson v. Duke Univ.*, 229 N.C. App. 670, 679, 748 S.E.2d 154, 161 (2013) (upholding the trial court's denial of a motion to amend that was filed thirteen months after the initial complaint was filed and "only five days before the hearing on defendants' motion for summary judgment").

22.    A court also may deny a motion to amend when the proposed amendments involve new defendants and/or new, separate and distinct claims that would require additional or different discovery. When "[d]ifferent evidence would be necessary to support [ ] additional legal claims, which could involve more discovery for the parties, slow the litigation process, and present a more unwieldy litigation for the trial court to administrate," the trial court likely does not abuse its discretion in

concluding that allowing such motion to amend would be prejudicial to the current defendants. *Stetser*, 165 N.C. App. at 32, 598 S.E.2d at 590–91.

23. In addition, "[w]here the essence of a Rule 15(a) motion to amend a pleading is to add a party to the lawsuit, consideration of North Carolina Rules of Civil Procedure 20 and 21 is required." *Coffey v. Coffey*, 94 N.C. App. 717, 721, 381 S.E.2d 467, 470 (1989). A plaintiff generally may join together defendants in one action. Rule 20(a) "specifically allows alternative joinder of defendants. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." *Aetna Ins. Co. v. Carroll's Transfer, Inc.*, 14 N.C. App. 481, 483, 188 S.E.2d 612, 613 (1972) (quoting Rule 20(a)) (quotation marks omitted). The Rule 20(a) standard for alternative joinder involves two tests: first, "each claim must arise out of the same transaction, the same occurrence, or a series of either," and second, "each claim must contain a question of law or fact, which will arise, common to all parties." *Id.*

24. Rule 20(b), however, authorizes the Court to disallow motions seeking to amend the pleadings to include new parties when these two tests are not met, such as when inclusion of new parties is premised on a theory of liability separate from the theory of liability asserted against the initially joined parties. In such cases, "[t]he court shall make such orders as will prevent a party from being . . . delayed, or put to expense by the inclusion of a party against whom [the initial party] asserts no claim

and who asserts no claim against [the initial party], and shall order separate trials or make other orders to prevent delay or prejudice." Rule 20(b).

25. Applying the foregoing principles, the Court concludes, in its discretion, (1) that the Motion to Further Amend to add the new fact allegations in the Proposed Second Amendment that merely expand on, or provide additional detail regarding, the claims in the Amended Complaint against all existing Defendants other than James Dolan should be granted; (2) that the Motion to Further Amend to add certain new fact allegations in the Proposed Second Amendment, to the extent that they attempt to allege additional facts regarding James Dolan, should be denied in part, to avoid undue prejudice to James Dolan, but otherwise should be allowed; and (3) the Motion to Further Amend to add the proposed amendments in the Proposed Second Amendment containing allegations in support of new claims asserted against new proposed defendants should be denied.

A. *New fact allegations regarding existing claims*

26. The Court concludes, in its discretion, that the new factual allegations contained in paragraphs 1, 3–5, and 7–11 of the Proposed Second Amendment contain information that expands on or provides some additional detail regarding claims already contained in the Amended Complaint.

27. Defendants argue that the information contained in the new allegations was contained in an email database to which Plaintiff has always had access, and there is no reason Plaintiff could not have included the information in the First Complaint or the Amended Complaint. (ECF No. 245, at p. 7; ECF No. 244, at pp. 4,

20.) Defendants' argument, however, is addressed primarily to the emails involving the allegations underlying the new claims against the Proposed Defendants, and not the allegations in paragraphs 1, 3–5, and 7–11 of the Proposed Second Amendment. Plaintiff contends that the email database is too large and unwieldy for Plaintiff to have fully reviewed it before filing their suit, and that the depositions of Defendants James Dolan and Garrett Graven provided much-needed context to the emails. (ECF No. 249, at pp. 2–3.)

28. Plaintiff contends that the new facts were discovered through the depositions of Garrett Graven and James Dolan, including their explanations of several emails already in Plaintiff's possession. (ECF No. 225, at pp. 2–3.) Although Plaintiff may have possessed some of the information underlying the new allegations in paragraphs 1, 3–5, and 7–11 of the Proposed Second Amendment in its email database, the nature of the new allegations in these paragraphs suggest that many of the new facts in these paragraphs were discovered through the deposition testimony of the two witnesses, and could not have been known at the time the first Complaint was filed.

29. While the Court discourages serial, piecemeal amendment of pleadings, it concludes that the liberal standard of Rule 15 should be exercised to allow these amendments at this time. If there is any prejudice to Defendants by allowing these amendments, such prejudice is minimal. The Motion to Further Amend should be GRANTED with regard to paragraphs 1, 3–5, and 7–11 in the Proposed Second Amendment.

B.     *Certain new fact allegations regarding James Dolan*

30.     Paragraph 2 of the Proposed Second Amendment pertains to Plaintiff's claim in the Amended Complaint for civil conspiracy and alleges that Timothy Dolan, James Dolan, Ryan Graven, and Steven Graven acted as each other's "agents" with regard to alleged diversion of a corporate opportunity belonging to Plaintiff. (ECF No. 224.1, at ¶ 2.) Paragraph 6 alleges that Timothy Dolan, James Dolan, Ryan Graven, and Steven Graven did not inform Plaintiff's owner about the alleged use of Plaintiff's China offices and personnel to perform work for a Defendant company. (*Id.* at ¶ 6.) To the extent that paragraphs 2 and 6 of the Proposed Second Amendment make allegations against Timothy Dolan, Ryan Graven, and Steven Graven, the Court holds that such amendments should be allowed for the same reasons stated above regarding paragraphs 1, 3–5, and 7–11. The Motion to Further Amend regarding these allegations should be GRANTED to that limited extent.

31.     To the extent that paragraphs 2 and 6 make allegations against James Dolan, the Court concludes in its discretion that the amendments should not be allowed on grounds of undue prejudice, and because such amendments are futile.

32.     The Court concludes, in its discretion, that permitting the amendments in paragraphs 2 and 6 of the Proposed Second Amendment regarding James Dolan would be unduly prejudicial to James Dolan in the current procedural context of this action. Throughout this case, James Dolan has maintained that the claims asserted against him must fail under Rule 12(b)(6) because he does not and has not "ever had any relationship with [Plaintiff], either as an employee, director, or officer," and

therefore owes no duties to Plaintiff and is not liable for the wrongs alleged to have been committed against Plaintiff. (J. Dolan Br. Supp. Mot. Dismiss, ECF No. 42; J. Dolan Br. Supp. 2d Mot. Dismiss; ECF No. 157.) He has now twice filed motions to dismiss that were fully briefed and ripe for determination. The first motion to dismiss was scheduled for hearing but was never heard as a result of Plaintiff's Amended Complaint. Plaintiff filed the Motion to Further Amend after James Dolan's second motion to dismiss was ripe and scheduled for hearing. James Dolan is now entitled to have his motion to dismiss decided without further delay. *See Googerdy v. N.C. Agric. & Tech. State Univ.*, 386 F. Supp. 2d 618, 624 (M.D.N.C. Aug. 24, 2005) ("Plaintiff's proposed amendment is brought solely to circumvent [d]efendant's motion to dismiss. If the court grants [p]laintiff's motion, it will cause unnecessary delay in this matter, reward dilatory and neglectful pleading, and will bring prejudice to the potential defendants."); *see also Stetser*, 165 N.C. App. at 31, 598 S.E.2d at 590; *Rabon*, 208 N.C. App. at 354, 703 S.E.2d at 184.

33.     In addition, the Court concludes, in its discretion, that the allegation in paragraphs 2 and 6 of the Proposed Second Amendment would be futile. Paragraph 2, which alleges that James Dolan was in an agency relationship with other Defendants, would not bolster Plaintiff's conspiracy claim against James Dolan where neither the Amended Complaint nor the Proposed Second Amendment contain allegations of fact in support of that claim. Instead, the allegation that James Dolan was an agent of other Defendants is simply an unsupported legal conclusion. *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620

S.E.2d 873, 880 (2005) (stating the well-established principle that the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

34.     Paragraph 6 alleges that James Dolan failed to inform Plaintiff's President regarding improper use of Plaintiff's offices and personnel.  Again, neither the Amended Complaint nor the Proposed Second Amendment allege facts that would support the notion that James Dolan owed a fiduciary or other obligation to Plaintiff that would obligate him to disclose information to Plaintiff.  In the absence of an alleged duty requiring James Dolan to disclose known information, his silence is not actionable.  *See, e.g.*, *Setzer v. Old Republic Life Ins. Co.*, 257 N.C. 396, 399 (1962) ("Silence, in order to be an actionable fraud, must relate to a material matter known to the party and which it is [the party's] legal duty to communicate."); *see also Breeden v. Richmond Comm. College*, 171 F.R.D. 189, 195 (M.D.N.C. 1997) ("In order to comply with the pleading requirements of Rule 9(b) with respect to fraud by omission, a plaintiff usually will be required to allege . . . the relationship or situation giving rise to the duty to speak.").  The proposed allegations regarding James Dolan in paragraphs 2 and 6 of the Proposed Second Amendment are futile.  The Motion to Further Amend regarding these allegations should be DENIED.

35.     Relatedly, the Second Amended Complaint, once filed, will not moot the currently pending motion to dismiss brought by James Dolan, and the Court reserves its right to rule on that pending motion.

## C.     New claims and Proposed Defendants

36.     Finally, Plaintiff seeks to add nine new claims and six Proposed Defendants to this action. (ECF No. 224.1, at ¶¶ 12–91.) The new claims arise out of an alleged "kickback" scheme involving the Proposed Defendants.

37.     The Amended Complaint currently contains twelve separate causes of action against twelve Defendants consisting of five individuals and seven companies. The claims in the case are far-reaching and complex. The parties have been litigating the current claims for almost eight months and have engaged in extensive motions practice, most of which was initiated by Plaintiff, involving hundreds of filings. The CMO has been in place since January 2, 2018, and the deadline for completion of discovery is November 31, 2018. Each of the Defendants has filed two motions to dismiss, none of which have yet been decided. The Court concludes that the addition of nine new claims and six additional defendants to this case will cause further delay and increase costs for the current Defendants and will be prejudicial to their efforts to defend the action. *See Stetser*, 165 N.C. App. at 32, 598 S.E.2d 570 at 590–91. The additional claims and defendants also would make the case unwieldy and very difficult for the Court to manage. Therefore, pursuant to Rule 15, the Motion to Further Amend to add the new claims and the Proposed Defendants should be DENIED.

38.     The Court also concludes that the new claims and Proposed Defendants are not proper under Rule 20(a). First, the new claims do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as alleged in the

Amended Complaint, nor will the new claims necessarily raise a common issue of law or fact to the initial claims raised in the Amended Complaint. *See Aetna*, 14 N.C. App. at 483, 188 S.E.2d at 613; *see also* Rule 20(a). The Amended Complaint alleges that Timothy Dolan, Steven Graven, and Ryan Graven breached fiduciary duties to Plaintiff by forming competing businesses including Dolven that usurped Plaintiff's corporate opportunities and by concealing their ownership interests in those businesses from Plaintiff. The current claims in this lawsuit arise out of the transactions and occurrences surrounding the creation of the competing businesses, the competitive work they performed, and the roles played by the individual Defendants in concealing the competing businesses from Plaintiff.

39. On the other hand, the new claims Plaintiff seeks to bring in this lawsuit are not related to the formation of Dolven or the other competing businesses or to the concealment of those businesses. The only thing that connects the new claims and the Proposed Defendants to the allegations in the Amended Complaint is the allegation that Timothy Dolan and James Dolan participated in both sets of alleged wrongful actions. The new claims also do not raise questions of fact or law common to the existing claims in the Amended Complaint.

40. Accordingly, "to prevent delay or prejudice" in compliance with the Rule 20(b) standard, the Court concludes, in its discretion, that Plaintiff should not be allowed to join the six Proposed Defendants, or bring new claims against the Proposed Defendants, in this action. The Court's denial of the Motion to Further Amend to add

the new claims and the Proposed Defendants is without prejudice to Plaintiff's right to allege those claims in a separate action.

41. In conclusion, the Motion to Further Amend to add the allegations in paragraphs 12–91, and the prayer for relief on pages 23–25, of the Proposed Second Amendment should be DENIED.

III. CONCLUSION

THEREFORE, it is ordered that the Motion to Further Amend is GRANTED, in part, and DENIED, in part, as follows:

1. The Motion to Further Amend to add the allegations in paragraphs 1, 3–5, and 7–11 of the Proposed Second Amendment is GRANTED.

2. The Motion to Further Amend to add the allegations in paragraphs 2 and 6 of the Proposed Second Amendment to the extent such paragraphs make allegations regarding James Dolan is DENIED. Except as denied herein, the Motion to Further Amend to add the allegations in paragraphs 2 and 6 of the Proposed Second Amendment is GRANTED.

3. The Motion to Further Amend to add paragraphs 12–91, and the prayer for relief on pages 23–25, of the Proposed Second Amendment is DENIED.

4. The Motion to Further Amend to add the preamble language on pages 1–2 of the Proposed Second Amendment is DENIED.

5. The Motion to Further Amend to add the bold face titles and subtitles in the Proposed Second Amendment is DENIED.

6. Plaintiff shall file with the Court on or before April 11, 2018 a Second Amended Complaint that incorporates the amended allegations allowed by this Order with the allegations in the Amended Complaint.

SO ORDERED, this the 6th day of April, 2018.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases