THE ROBERT K. WARD LIVING TRUST, BY AND THROUGH BRADLEY N. SCHULZ,
SUCCESSOR TRUSTEE, Plaintiff
v.
JOHN J. PECK, INDIVIDUALLY, AND AS PRIOR TRUSTEE OF THE ROBERT K.
WARD LIVING TRUST; SETERUS, INC.; AND FEDERAL NATIONAL MORTGAGE
ASSOCIATION (FANNIE MAE), Defendants

No. COA13-125

Filed 17 September 2013

**Trusts—wrongful acts—individual capacity—trustee—after tenure as trustee—expiration of statute of limitations**

The trial court did not err by dismissing plaintiff's claims for alleged wrongful acts relating to a trust based on expiration of the five year statute of limitations under N.C.G.S. § 36C-10-1005. The complaint did not state any valid claims against defendant Peck as an individual, in his capacity as trustee or for his actions prior to his resignation as trustee, or after his tenure as trustee.

Appeal by plaintiff from order entered 20 July 2012 by Judge Jack W. Jenkins in Superior Court, Onslow County. Heard in the Court of Appeals 8 May 2013.

*Schulz Stephenson Law, by Bradley N. Schulz, for plaintiff-appellant.*

*William Norton Mason, for defendant-appellee John J. Peck.*

STROUD, Judge.

Plaintiff appeals order dismissing its action as "barred by the statute of limitations[.]" For the following reasons, we affirm.

## I. Background

Plaintiff, the Robert K. Ward Living Trust ("plaintiff" or "the trust"), alleged in its complaint that defendant John J. Peck is an attorney who prepared various estate planning documents for Mr. Robert K. Ward, including the trust at issue. Mr. Ward was both the grantor and beneficiary of the trust which owned various properties that included real estate and businesses. On 10 December 2005, Mr. Ward died intestate, and under the terms of the trust, defendant Peck began serving as trustee from that time until he resigned as trustee on 7 June 2006. Mr. Bradley N. Schultz became the successor trustee and during his tenure,

on 12 July 2011, plaintiff filed a complaint against defendant Peck for improperly encumbering trust properties both before and after his resignation as trustee.

On 16 February 2012, plaintiff filed a motion for partial summary judgment, claiming "that based upon the pleadings and discovery, there is no genuine issue of any material fact" as to two of its claims. On or about 23 March 2012, plaintiff filed an amended complaint. Plaintiff alleged that during defendant Peck's tenure as trustee, defendant Peck "in violation of Court Orders, and after notice of his alleged contempt,"[1] recorded several deeds of trust against various properties owned by the trust; the last of this series of recordations occurred on 12 February 2007. Plaintiff also alleged that "[a]fter his resignation as Trustee, defendant Peck caused" several more documents to be recorded, including "an Assignment of the Lease Rents and Profits[,]" "Substitution[s] of Trustee" appointing defendant's wife as the substitute, "an Irrevocable Assignment . . . [of] interest[,]" deeds of trust, and cancellations of deeds of trust; the most recent of this series of recordations occurred on 2 December 2009. Based upon the alleged wrongful actions of defendant Peck, plaintiff made claims for (1) constructive fraud; (2) breach of fiduciary duty and unjust enrichment; (3) fraud; (4) accounting and production of all files on loans, transactions, and payments; (5) quiet title and cancellation of deeds of trust and assignments; and (6) temporary restraining orders and injunctions.

On or about 17 April 2012, defendant Peck answered and made motions to dismiss plaintiff's complaint for "fail[ure] to state a claim upon which relief can be granted" pursuant to North Carolina Rule of Civil Procedure 12(b)(6) and as barred by the "applicable Statute of Limitations." On 20 July 2012, the trial court entered an order allowing defendant Peck's motion to dismiss based upon the five year statute of limitations provided in North Carolina General Statute § 36C-10-1005 and dismissing plaintiff's action upon finding that "Plaintiff's action was filed more than five years after the Defendant resigned as successor Trustee and more than five years after Plaintiff, his predecessors in interest,

---

1. In January of 2006, in an action filed by Ms. Lynn P. Ward, Mr. Ward's widow, against defendant Peck for "a Temporary Restraining Order as an injunction[,]" the trial court entered "an injunction . . . restraining John Peck as Trustee . . . 'from intentionally damaging, or otherwise encumbering, transferring or disposing of any property belonging to the Robert K. Ward Living Trust . . . except for those transfers, transactions, and activities that are reasonably necessary and customary in the ordinary course of business[.]' " In March of 2006, "a Motion and Order had been filed . . . for the alleged contempt of Mr. Peck as Trustee, alleging that he was disposing and encumbering property[;]" however, before the trial court heard the motion, Mr. Peck resigned as trustee.

knew or should have known of the alleged violations of Defendant's duties, the breaches of trust alleged in the Complaint." The trial court also dismissed the remaining motions, including plaintiff's motion for partial summary judgment, as moot. Plaintiff appeals.

## II. Statute of Limitations

Plaintiff contends that the trial court erred in dismissing its action. We review a trial court's decision to dismiss a complaint *de novo*. *Horne v. Cumberland County Hosp. System, Inc.*, ___ N.C. App. ___, ___ 746 S.E.2d 13, 16 (2013) ("An appellate court reviews *de novo* a trial court's dismissal of an action under Rule 12(b)(6)."); *Taylor v. Hospice of Henderson Cty., Inc.*, 194 N.C. App. 179, 184, 668 S.E.2d 923, 926 (2008) ("We review a trial court's decision to dismiss an action based on the statute of limitations *de novo*."). In conducting our *de novo* review, we note that plaintiff is suing defendant in essentially three separate capacities: as an individual; as trustee during his time as trustee of the trust; and as a former trustee of the trust. We will address each of these separately.

### A. Defendant Peck as an Individual

While plaintiff's complaint asserts that it is suing defendant Peck in both his individual capacity as well as his capacity as trustee, based on the allegations in the complaint, only one of plaintiff's claims can be construed as an individual claim against defendant Peck. Plaintiff's first claim for relief is for constructive fraud wherein plaintiff alleges that "[a]t all relevant times, the Defendant John Peck had a confidential relationship and fiduciary relationship with Mr. Ward and the Trust at issue." Thus, the first claim was based upon defendant Peck's actions as a trustee or former trustee since defendant Peck as an "individual" was not in any other sort of "confidential" or "fiduciary relationship" with plaintiff. Plaintiff's second and fourth claims are also clearly against defendant Peck as a trustee as they are claims for "breach of fiduciary duty and unjust enrichment" and "accounting and production of all files on loans, transactions, and payments[.]" (Original in all caps.) Plaintiff's fifth claim for quiet title does not specifically implicate defendant Peck and plaintiff's sixth claim requesting a "temporary restraining order and injunction[,]" (original in all caps), as to defendant Peck are based upon allegations for "trust account records[,]" again, implicating defendant Peck only in his capacity as trustee or former trustee.

The only remaining claim which could be considered as a claim against defendant Peck in his individual capacity is plaintiff's third claim for fraud, but the allegations of this claim do not meet the required

elements of a fraud claim. *See Whisnant v. Carolina Farm Credit, ACA,* 204 N.C. App. 84, 94, 693 S.E.2d 149, 156-57 (2010) ("The essential elements of fraud are: (1) False representation or concealment of a past or existing material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party[.]"), *disc. review denied,* 365 N.C. 73, 705 S.E .2d 745 (2011). Plaintiff's claim for fraud incorporated the factual allegations included in the other claims, which, as we have already noted, were against him as trustee, and also alleged that defendant Peck's "fraudulent" conduct includes Peck's failure to "provide[] original notes for inspection, . . . advise[] the name of the holders of those notes[,]" and violation of court orders. While defendant Peck may have committed wrongful conduct or even contempt of a court order entered in another lawsuit which is not before us in this appeal, these assertions alone do not meet the elements of fraud. *See id.* Merely reciting that defendant Peck made "material omissions . . . [and] intentional misrepresentations" without any indication of what those omissions and misrepresentations are will not support a claim for fraud. *See id.* Accordingly, the complaint does not state any valid claims against defendant Peck as an individual.

B.   Claims against Defendant Peck During His Time as Trustee

Plaintiff also alleges that defendant took wrongful actions as trustee of the trust before his resignation. North Carolina General Statute § 36C-10-1005, the statute upon which the trial court allowed defendant Peck's motion to dismiss, provides that

> (a) No proceeding against a trustee for breach of trust may be commenced more than five years after the first to occur of: (i) the removal, resignation, or death of the trustee; (ii) the termination of the beneficiary's interest in the trust; or (iii) the termination of the trust.

> (b) Except as provided in subsection (a) of this section, Chapter 1 of the General Statutes governs the limitations of actions on judicial proceedings involving trusts.

N.C. Gen. Stat. § 36C-10-1005 (2005). It is undisputed that defendant Peck resigned as trustee in June of 2006, but plaintiff did not file its complaint until July of 2011, more than five years after "the removal, resignation, or death of the trustee[.]" *Id.*

Plaintiff makes various creative arguments as to why the trial court should not have applied the statute of limitations in North Carolina

General Statute § 36C-10-1005, including that the continuing wrong doctrine applies and that certain claims such as breach of fiduciary duty and constructive fraud are subject to their own separate statutes of limitations.

> Our Supreme Court has recognized the continuing wrong doctrine as an exception to the general rule that a claim accrues when the right to maintain a suit arises. When this doctrine applies, a statute of limitations does not begin to run until the violative act ceases. Our Supreme Court also stated that a continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation. In order to determine whether a continuing violation exists, we examine the particular policies of the statute of limitations in question, as well as the nature of the wrongful conduct and harm alleged, as set out in *Cooper v. United States*, 442 F.2d 908, 912 (7th Cir. 1971).

*Babb v. Graham*, 190 N.C. App. 463, 481, 660 S.E.2d 626, 637 (2008) (citations, quotation marks, and brackets omitted).

Plaintiff does not cite, nor can we find a case, which has applied the continuing wrong doctrine to permit a claim against a trustee for "breach of trust" more than five years after his/her resignation or any other event as provided by North Carolina General Statute § 36-10-1005. *See* N.C. Gen. Stat. § 36-10-1005. In fact, the plain language of North Carolina General Statute § 36-10-1005 indicates that the continuing wrong doctrine does not apply; as here, defendant Peck's acts as trustee ended upon his resignation, and at that point the statute of limitations in North Carolina General Statute § 36C-10-1005 began to run. *See id.* From the time of his resignation, plaintiff had five years to bring any claims for breach of trust. *See id.* Whatever defendant Peck did after the date that his tenure as trustee ended, wrongful or not, was not an act by him as trustee, and thus it was not a continuation of any conduct he may have begun as trustee. In other words, defendant Peck no longer had legal authority to act under the trust and could not engage in a continuing course of wrongful conduct as trustee, although he could engage in wrongful conduct of a different sort.

Furthermore, while a trustee could obviously engage in breach of fiduciary duty and constructive fraud, the factual allegations in plaintiff's complaint are based upon defendant's breach of his duties as trustee and for this reason all plaintiff's claims, as pled here, no matter their heading, are causes of action for breach of trust. Accordingly, the trial

court did not err in concluding that plaintiff was barred from bringing an action against defendant Peck in his capacity as trustee for his actions prior to his resignation as trustee.

C.   Claims against Defendant Peck After His Tenure As Trustee

A slightly different question arises as to defendant Peck's actions of filing various documents which encumbered various trust assets after his resignation in June of 2006, since if these acts could be considered as claims "against a trustee for breach of trust[,]" some of the acts would fall within the statute of limitations. *Id.* The problem is that these actions are not claims "against a trustee for breach of trust[,]" since defendant Peck was not a trustee after June 2006 when these acts were allegedly committed, and thus any actions he took, no matter how wrongful, were not breaches of his duties as trustee. *Id.* Instead, these are claims against a former trustee. As noted above, plaintiff may have claims for various torts against defendant Peck as an individual based upon the actions he took after his resignation as trustee, but based upon the complaint here, those claims have not been properly pled against defendant Peck as an individual rather than as a trustee. Accordingly, the trial court did not err in granting defendant Peck's motion to dismiss.[2]

### III.   Conclusion

For the foregoing reasons, we affirm.

AFFIRMED.

Judges HUNTER, Robert C. and ERVIN concur.

---

2.  Plaintiff also contends that the trial court erred in granting the motion to dismiss as matters outside the pleadings were considered. However, we note that the trial court was determining both a motion to dismiss and a motion for partial summary judgment at the same time, so consideration of matters outside the pleadings was proper. But in any event, the determination regarding the statute of limitations can be made from the pleadings alone, and plaintiff does not direct our attention to anything outside the pleadings that the trial court may have considered that would have raised any question as to the material facts on the issues we have addressed, so the trial court did not err in granting defendant Peck's motion to dismiss.