MURPHY, Judge.
 

 *693
 
 Plaintiff, Jane Doe, brought claims against Wake County, Wake County Health Services ("WCHS"), and a number of individual WCHS employees for failing to take action to protect her from a dangerous and abusive household. The Wake County Superior Court dismissed all of Plaintiff's claims under North Carolina Rules of Civil Procedure 12(b)(1), (4), (5), (6), the statute of limitations, and the prior pending action doctrine. After careful review, we affirm the trial court's dismissal of Plaintiff's claims.
 

 BACKGROUND
 

 Plaintiff was born in Wake County in 1996 to a mother who had previously been reported to WCHS for neglecting her first-born child. At birth, Plaintiff tested positive for
 
 *818
 
 cocaine, and her mother admitted to using cocaine during her pregnancy. Throughout Plaintiff's youth, WCHS received and investigated at least eight reports indicating her household was a potentially dangerous environment for a child. WCHS investigated the reports and, at various times, referred Plaintiff's mother for counseling, examined Plaintiff for signs of abuse, and provided in-home services to Plaintiff's family.
 
 [1]
 

 *694
 
 Plaintiff sued WCHS and its employees-identified as "John Doe 1, John Doe 2, ... John Doe N"-in tort and under
 
 42 U.S.C. § 1983
 
 for failing to remove her from the care of her mother at eight different points in time. In response, Defendants asserted a number of affirmative defenses and moved to dismiss the complaint on various grounds. Plaintiff moved for leave to amend her complaint to add parties and three days later filed a second complaint, which named Wake County, WCHS, and a number of WCHS employees in both their individual and official capacities. Defendants moved to dismiss this second complaint on the same grounds as the first and also raised the prior pending action doctrine. The trial court dismissed both of Plaintiff's complaints and denied her motion for leave to amend as futile. Plaintiff appeals.
 

 ANALYSIS
 

 "We review a trial court's decision to dismiss a complaint de novo."
 
 Robert K. Ward Living Trust ex rel. Schulz v. Peck
 
 ,
 
 229 N.C. App. 550
 
 , 552,
 
 748 S.E.2d 606
 
 , 608 (2013). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 Craig v. New Hanover Cnty. Bd. of Educ.
 
 ,
 
 363 N.C. 334
 
 , 337,
 
 678 S.E.2d 351
 
 , 354 (2009) (internal quotations omitted). The trial court dismissed Plaintiff's claims "pursuant to North Carolina Rules of Civil Procedure 12(b)(1), [ (4), (5), and (6) ], the statute of limitations, and the prior pending action doctrine," but did not delineate which claims were being dismissed on which grounds. Nevertheless, we affirm both of the trial court's dismissal orders.
 

 A. 16 CVS 15483
 

 In her first complaint, Plaintiff alleged forty causes of action: thirty-two tort claims against Wake County, WCHS, and their employees (both in their official and individual capacities), and eight claims under
 
 42 U.S.C. § 1983
 
 alleging constitutional violations. Additionally, Plaintiff moved to amend her complaint and the trial court denied her motion. In subsections 1 and 2 below, we address Plaintiff's tort claims. In subsections 3 and 4, we analyze her federal claims and motion to amend, respectively. In all four subsections, we affirm the trial court's decisions.
 

 1. Tort Claims against Wake County, WCHS, and Employees in their Official Capacity
 

 Plaintiffs bringing claims otherwise barred by governmental immunity must allege a waiver of immunity in their complaint for the trial court to have subject matter jurisdiction over those claims.
 

 *695
 

 M Series Rebuild, LLC v. Town of Mount Pleasant
 
 ,
 
 222 N.C. App. 59
 
 , 62-63,
 
 730 S.E.2d 254
 
 , 257 (2012). "[A] county normally would be immune from liability for injuries caused by negligent social services employees working in the course of their duties."
 
 Estate of Earley v. Haywood Cnty. Dep't of Soc. Servs.
 
 ,
 
 204 N.C. App. 338
 
 , 340,
 
 694 S.E.2d 405
 
 , 408 (2010). Here, Plaintiff "agrees that [her] claims in tort cannot proceed against the County and defendants in their official capacity[,]" but argues "[a]ll tort claims against defendants in their individual capacity should proceed."
 

 Plaintiff correctly recognizes her failure to allege that Wake County waived immunity is fatal to her complaint to the extent it asserts tort claims against the county and its officials.
 
 Clark v. Burke Cnty.
 
 ,
 
 117 N.C. App. 85
 
 , 88,
 
 450 S.E.2d 747
 
 , 748 (1994) ("When suing a county or its officers, agents or employees, the complainant must allege [a] waiver in order to recover."). The trial court was correct to dismiss all thirty-two of
 
 *819
 
 Plaintiff's tort claims against Wake County and WCHS, and those against individual Defendants in their official capacities.
 

 2. "Individual Capacity" Tort Claims
 

 We next address Plaintiff's tort claims against county employees in their individual capacities.
 
 See
 

 Wright v. Gaston Cty.
 
 ,
 
 205 N.C. App. 600
 
 , 602,
 
 698 S.E.2d 83
 
 , 86 (2010) ("Plaintiff's complaint also alleges claims against the [defendants] in their individual capacities, for which governmental immunity is not applicable."). The individual Defendants argue they are entitled to dismissal based upon public official immunity because Plaintiff's claims against them in their individual capacities fail "to sufficiently 'pierce the cloak' of public official [immunity] ...." We agree.
 

 "Public official immunity is a derivative form of governmental immunity."
 
 Wilcox v. City of Asheville
 
 ,
 
 222 N.C. App. 285
 
 , 288,
 
 730 S.E.2d 226
 
 , 230 (2012) (internal citations omitted). The doctrine distinguishes between public officials, who are entitled to immunity, and public employees, who are not.
 

 Id.
 

 Social workers are generally considered public officials, or state employees who exercise some amount of sovereign power through acts "requiring personal deliberation, decision and judgment."
 
 Hobbs v. N.C. Dep't of Human Res.
 
 ,
 
 135 N.C. App. 412
 
 , 421,
 
 520 S.E.2d 595
 
 , 602 (1999) ;
 
 Meyer v. Walls
 
 ,
 
 347 N.C. 97
 
 , 113-14,
 
 489 S.E.2d 880
 
 , 889 (1997).
 

 To rebut a claim of public official immunity and hold a public official liable in her individual capacity, a plaintiff's complaint must allege "that [the official's] act, or failure to act, was corrupt or malicious, or that [the official] acted outside of and beyond the scope of his duties."
 
 Hobbs
 
 ,
 
 135 N.C. App. at 422
 
 ,
 
 520 S.E.2d at 603
 
 . Additionally, our Supreme Court has
 
 *696
 
 noted, "a conclusory allegation that a public official acted willfully and wantonly should not be sufficient, by itself, to withstand a Rule 12(b)(6) motion to dismiss. The facts alleged in the complaint must support such a conclusion."
 
 Meyer
 
 ,
 
 347 N.C. at 114
 
 ,
 
 489 S.E.2d at 890
 
 .
 

 The facts alleged in Plaintiff's complaint do not support a conclusion the individual workers acted corruptly, maliciously, or outside the scope of their duties. Plaintiff does not offer any facts or forecast any evidence that any individually named defendant took actions that went beyond-at worst-simple negligence such that her complaint pierces the cloak of public official immunity. "Because we presume [the] defendant[s] discharged [their] duties in good faith and exercised [their] power in accordance with the spirit and purpose of the law and plaintiffs have not shown any evidence to the contrary," we hold Plaintiff's complaint "fail[s] to allege facts which would support a legal conclusion that defendant[s] acted with malice."
 
 Mitchell v. Pruden
 
 , --- N.C. App. ----, ----,
 
 796 S.E.2d 77
 
 , 83 (2017).
 

 The allegations in Plaintiff's complaint do not overcome Defendants' public official immunity, and the trial court did not err in granting the Defendants' motion to dismiss under the doctrine of public official immunity.
 

 3.
 
 42 U.S.C. § 1983
 
 Claims
 

 Plaintiff argues the trial court's dismissal of her
 
 42 U.S.C. § 1983
 
 claims for failure to state a claim under Rule 12(b)(6) was improper. We disagree. Dismissal under 12(b)(6) is appropriate where "the complaint on its face reveals that no law supports the plaintiff's claim."
 
 Wood v. Guilford Cnty.
 
 ,
 
 355 N.C. 161
 
 , 166,
 
 558 S.E.2d 490
 
 , 494 (2002). "The court must construe the complaint liberally and should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief."
 
 Leary v. N.C. Forest Products, Inc.
 
 ,
 
 157 N.C. App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4 (2003). Here, Plaintiff has not alleged any claim entitling her to relief under
 
 42 U.S.C. § 1983
 
 .
 

 a.
 
 Due Process Clause
 

 Plaintiff's suit is almost identical to that in
 
 DeShaney v. Winnebago County Department of Social Services
 
 ,
 
 489 U.S. 189
 
 ,
 
 109 S.Ct. 998
 
 ,
 
 103 L.Ed.2d 249
 
 (1989). In
 
 DeShaney
 
 , the Department of Social Services
 
 *820
 
 ("DSS") suspected a child had been abused by his father, but nevertheless allowed him to return home with his father.
 

 Id.
 

 at 192
 
 ,
 
 109 S.Ct. at 1001
 
 ,
 
 103 L.Ed.2d at 256-57
 
 . Shortly thereafter, the child was beaten nearly to death by his father and sued DSS under
 
 42 U.S.C. § 1983
 
 .
 

 Id.
 

 at 193
 
 ,
 
 109 S.Ct. at 1001-02
 
 ,
 
 103 L.Ed.2d at 257
 
 . The U.S.
 
 *697
 
 Supreme Court stated that the Due Process Clause of the Fourteenth Amendment "does not transform every tort committed by a state actor into a constitutional violation."
 

 Id.
 

 at 202
 
 ,
 
 109 S.Ct. at 1006
 
 ,
 
 103 L.Ed.2d at 263
 
 . "Because ... the State had no constitutional duty to protect [the child] against his father's violence, its failure to do so-though calamitous in hindsight-simply does not constitute a violation of the Due Process Clause."
 

 Id.
 

 Under
 
 DeShaney
 
 , a state actor's failure to take affirmative action to protect a private individual is not actionable under the Fourteenth Amendment and
 
 42 U.S.C. § 1983
 
 .
 

 Id.
 

 As such, Plaintiff may not recover under
 
 42 U.S.C. § 1983
 
 and the Due Process Clause. We affirm the trial court's dismissal of those claims.
 

 b.
 
 Equal Protection Clause
 

 Plaintiff also argues the trial court erred in dismissing her
 
 42 U.S.C. § 1983
 
 claims to the extent they allege violations of her rights under the Equal Protection Clause. We disagree.
 

 Plaintiff's "class of one" equal protection argument is largely premised upon an incorrect interpretation of two footnotes in
 
 DeShaney
 
 . Footnote two denies the plaintiff's argument that his equal protection rights were violated because he had an "entitlement" to receive protective services.
 

 Id.
 

 at 195
 
 ,
 
 109 S.Ct. at 1002-03
 
 ,
 
 103 L.Ed.2d at 258, note 2
 
 . Similarly, footnote three makes the common-sense statement that "[t]he State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause."
 

 Id.
 

 at 197
 
 ,
 
 109 S.Ct. at 1004
 
 ,
 
 103 L.Ed.2d at 259, note 3
 
 . Both footnotes are, of course, dicta, and neither dilutes the case's central holding that a state social worker's failure to take affirmative action to protect a private individual does not amount to a constitutional violation.
 

 Id.
 

 at 202
 
 ,
 
 109 S.Ct. at 1006-07
 
 ,
 
 103 L.Ed.2d at 263
 
 . Plaintiff does not cite any authority in our jurisdiction or elsewhere that states otherwise.
 

 Assuming
 
 arguendo
 
 Plaintiff's equal protection claim is not barred by
 
 DeShaney
 
 , Plaintiff nevertheless fails to state a "class of one" equal protection claim upon which relief may be granted. "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."
 
 Village of Willowbrook v. Olech
 
 ,
 
 528 U.S. 562
 
 , 564,
 
 120 S.Ct. 1073
 
 , 1074,
 
 145 L.Ed.2d 1060
 
 , 1063 (2000). On its face, this pleading requirement is similar to that of a plaintiff attempting to pierce the cloak of public official immunity. As we stated in Section A-2,
 
 infra
 
 , Plaintiff's complaint fails to adequately allege facts that the public officials acted
 
 *698
 
 with malice or corruption, and for the same reason she has failed to state a class of one equal protection claim.
 

 WCHS's failure to take affirmative actions to protect Plaintiff from a dangerous household is not a constitutional violation and therefore does not render Wake County or its agents liable in the manner Plaintiff's complaint alleges. The trial court's dismissal of Plaintiff's
 
 42 U.S.C. § 1983
 
 claims is affirmed.
 

 4. Plaintiff's Motion to Amend
 

 Plaintiff additionally argues the Superior Court abused its discretion by denying Plaintiff's
 
 Motion for Leave to Amend
 
 her first suit. "A trial court abuses its discretion only where no reason for the ruling is apparent from the record. Our Courts have held that reasons justifying denial of leave to amend [include] ... futility of amendment."
 
 Rabon v. Hopkins
 
 ,
 
 208 N.C. App. 351
 
 , 353-54,
 
 703 S.E.2d 181
 
 , 184 (2010) (internal citation omitted). Here, it is apparent from the record that the trial court's reason for denying Plaintiff's motion was that such an amendment would be futile.
 

 Plaintiff sought leave to amend her first complaint in order to replace defendants
 
 *821
 
 "John Doe 1, John Doe 2, etc." with named defendants. However, for the reasons discussed above, Plaintiff failed to state a claim upon which relief could be granted. Therefore, any further amendment would be futile and the Superior Court's denial of Plaintiff's
 
 Motion for Leave to Amend
 
 was not an abuse of discretion.
 

 B. 17 CVS 3821
 

 For the reasons stated in Section A,
 
 infra
 
 , the trial court did not err in dismissing Plaintiff's second complaint. Additionally, the prior pending action doctrine serves as an independent bar to Plaintiff's second suit.
 

 When "the parties and subject matter of the two suits are substantially similar, the first action will abate the subsequent action if the prior action is determined to be pending in a court within the state having like jurisdiction."
 
 Eways v. Governor's Island
 
 ,
 
 326 N.C. 552
 
 , 559,
 
 391 S.E.2d 182
 
 , 186 (1990). "This is so because the court can dispose of the entire controversy in the prior action" and, by doing so, render the subsequent action moot.
 
 Clark v. Craven Reg'l Med. Auth.
 
 ,
 
 326 N.C. 15
 
 , 20,
 
 387 S.E.2d 168
 
 , 171 (1990). "The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues
 
 *699
 
 involved, and relief demanded?"
 
 Cameron v. Cameron
 
 ,
 
 235 N.C. 82
 
 , 85,
 
 68 S.E.2d 796
 
 , 798 (1952).
 

 Plaintiff brought her second suit against Wake County and WCHS during the pendency of her first suit. Both were filed in the Wake County Superior Court, the first on 22 December 2016 and the second on 27 March 2017. The subject matter of both cases is identical; Plaintiff asserted exactly the same claims, made virtually identical factual allegations, and demanded the same relief in both complaints. Additionally, Plaintiff's suits presented substantially identical parties, the only difference being that the first suit listed "John Doe 1, John Doe 2, ... John Doe N," and the second suit listed named Defendants previously identified as John Doe. Both cases are between Plaintiff and Wake County, WCHS, and employees thereof. The trial court did not err in dismissing Plaintiff's second suit, 17 CVS 3821, under the prior pending action doctrine.
 

 CONCLUSION
 

 We affirm the trial court's orders granting Defendants' motions to dismiss under North Carolina Rule of Civil Procedure 12(b)(6), in 16 CVS 15483, and the prior pending action doctrine, in 17 CVS 3821. Likewise, we affirm the trial court's denial of Plaintiff's
 
 Motion for Leave to Amend
 
 .
 

 AFFIRMED.
 

 Judges STROUD and ZACHARY concur.
 

 [1]
 

 In resolving this appeal, which is comprised solely of procedural issues, we need not describe the specifics of each incident but nevertheless note that the facts of Plaintiff's complaint paint the picture of a tragic and frightening childhood.